THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY G. PRICE, Defendant-Appellant.

Fourth District   No. 4—91—0659

Opinion filed April 15, 1992.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant pleaded guilty to delivery of less than one gram of a substance containing cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)). The McLean County trial court concurred in the plea agreement and sentenced defendant to three years' imprisonment and imposed a $380 street-value fine. Defendant appeals the $380 street-value fine and contends he is entitled to a $5 credit against any fine imposed. We affirm the fine imposed but remand with instructions.

Count I of the indictment charged defendant unlawfully delivered to an undercover police officer less than one gram of a substance containing cocaine, in violation of section 401(c) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)).

Count II of the indictment charged defendant delivered to the same agent more than 1 gram but less than 15 grams of a substance containing cocaine, in violation of section 401(b)(2) of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)).

Defendant entered a plea agreement. He agreed to plead guilty to count I, and the State agreed to nol-pros count II. The maximum sentence to be imposed by the court was three years' imprisonment and a $380 street-value fine. The defendant reserved the right to seek a lesser sentence.

At the hearing on defendant's plea, the court admonished the defendant in accordance with Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)). The State presented the factual basis for the plea. The prosecutor represented Officer Sweeney would testify defendant sold her a clear plastic bag containing a substance purported to be cocaine for $50. Sandra Nelson, a forensic scientist, would testify the plastic bag contained .4 grams of a white, powdery substance containing cocaine. Defendant then repeated his desire to plead guilty and the court accepted the plea.

Defendant later filed a motion to withdraw his guilty plea and then also filed a supplemental motion to withdraw the plea and vacate the judgment of conviction.

Evidence adduced at the sentencing hearing indicated defendant sold .4 grams of a substance containing cocaine to the agent on April 25, 1989. This sale was the basis of count I of the indictment to which defendant pleaded guilty. On May 2, 1989, he sold her 3.4 grams of a substance containing cocaine. This sale was the basis of count II of the indictment. Defendant sought probation, but the court sentenced him to the maximum allowed under the plea agreement: three years' imprisonment and a $380 fine, the street value of the controlled substances seized. The court also denied defendant's supplemental motion to withdraw his plea. Defendant then appealed.

■■ On appeal, defendant first contends the $380 street-value fine must be reduced. The State argues defendant has waived this argument because he failed to raise it in his motion to withdraw his plea and in the supplemental motion to withdraw the plea. We note he also failed to object to the amount of the fine or seek a reduction of it at the sentencing hearing. Any error not raised in a written post-trial motion is waived. (*People v. Adkisson* (1980), 83 Ill. 2d 1, 7, 413 N.E.2d 1238, 1240.) Defendant has waived this issue. On the merits, we also would conclude the street-value fine should not be reduced.

Defendant contends the court based the fine on the total amount of the controlled substance seized in both sales, 3.8 grams. Thus, ac-

cording to defendant, the court imposed a fine based in part on the charge the State nol-prossed, this in violation of section 5—9—1.1 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1.1). He argues the fine should be reduced to $50, the amount the agent paid for the .4 grams of the substance containing cocaine. Defendant cites several cases in support of this argument: *People v. Lusietto* (1989), 131 Ill. 2d 51, 544 N.E.2d 785; *People v. Smith* (1990), 198 Ill. App. 3d 695, 556 N.E.2d 307; and *People v. Beavers* (1986), 141 Ill. App. 3d 790, 491 N.E.2d 438. The defendants in these cases also entered guilty pleas. The trial courts improperly imposed fines based on the total amounts of contraband seized rather than the quantities supporting the charges underlying the convictions.

This case is, however, distinguishable. Here, defendant entered a guilty plea which specified the maximum sentence and the amount of the fine the court could impose.

> "Where a defendant enters a negotiated plea of guilty, he voluntarily accepts the sentence, even if it is in excess of the statutory minimum and thereby recognizes and admits that such sentence is fair and justified in light of his history and character and the nature of the circumstances of the offense." *People v. Bra;e* (1985), 130 Ill. App. 3d 1054, 1066, 474 N.E.2d 1364, 1372.

■ We believe this case is analogous to plea agreements involving restitution. Section 5—5—6(d) of the Code states:

> "In instances where a defendant has more than one criminal charge pending against him in a single case, or more than one case, and the defendant stands convicted of one or more charges, a plea agreement negotiated by the State's Attorney and the defendants [*sic*] may require the defendant to make restitution to victims of charges which have been dismissed or which it is contemplated will be dismissed under the terms of the plea agreement, and pursuant to such agreement, the court may impose a sentence of restitution on the charge or charges of which the defendant has been convicted which would require the defendant to make restitution to victims of other offenses as provided in such a plea agreement." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(d).)

This statute reflects a public policy which we believe permitted this defendant to negotiate a slightly higher street-value fine based on *all* the drugs he sold in exchange for the dismissal of the second, more serious charge pending against him. Defendant *agreed* to pay the $380 fine and in exchange the State agreed to nol-pros count II of the

indictment, which charged him with a Class 1 felony. The street-value fine imposed should not be reduced.

■ Defendant makes a second, alternate argument for reduction of the street-value fine. He asserts the court improperly calculated the street value. The record includes the transcript of the grand jury proceedings where the agent testified she paid defendant $50 for .4 grams and $225 for 3.4 grams of the substances containing cocaine. She stated one-quarter ounce of cocaine (approximately seven grams) generally costs between $400 and $500. According to defendant, this testimony indicates Officer Sweeney paid an average price ($275) for the 3.8 grams. The court's fine was apparently based on a calculation of $100 per gram. Defendant seeks to have the fine reduced to $275.

For the reasons already stated, this argument also fails on the merits. The street value of the contraband is irrelevant because defendant *agreed* to pay the $380 fine when he entered the plea agreement.

■ Defendant's final argument involves credit against the fine imposed. He seeks a $5 credit for the one day he spent in custody awaiting sentencing. The State agrees defendant is entitled to the $5 credit and we concur. (*People v. Cameron* (1989), 189 Ill. App. 3d 998, 1011, 546 N.E.2d 259, 267.) We remand to the trial court for correction of the mittimus, to reflect a $5 reduction in the fine imposed.

Affirmed and remanded with instructions.

STEIGMANN and LUND, JJ., concur.