THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRELL SIMPSON, Defendant-Appellant.

Fourth District    No. 4—93—1082

Opinion filed May 11, 1995.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant appeals from his conviction and sentence for unlawful possession with intent to deliver a controlled substance. The court sentenced the defendant to 14 years' imprisonment and imposed a statutory $3,000 assessment (720 ILCS 570/411.2(a)(1) (West 1992)), and a fine of $49,350, representing the street value of the 493.5 grams of cocaine seized. Defendant alleges the trial court erred in (1) finding no prejudice resulted from an extraneous communication with the jury during deliberations; (2) determining the street value of the cocaine seized (730 ILCS 5/5—9—1.1 (West 1992)); and (3) failing to allow a $5 credit against his fine for each day spent in jail awaiting sentencing. The State concedes that defendant is entitled to a $5 credit for each day he was incarcerated prior to sentencing (*People v. Cameron* (1989), 189 Ill. App. 3d 998, 1011, 546 N.E.2d 259, 267). We affirm the conviction and penitentiary portion of the sentence. However, the cause must be remanded to the circuit court for a calculation of the monetary credit due for time served against the fine imposed, and a rehearing for presenting valuation evidence of the cocaine seized in order to assess the street-value fine.

The record indicates that following rendition of the jury's verdict, the court received the testimony of a court security officer that she overheard the bailiff having a conversation with the jurors during their lunch break in which the bailiff said " 'I have seen people on drugs before and they're just not right,' " or " 'they're just not themselves.' " The bailiff initially denied making any reference to drugs but then stated that while cleaning up the lunch debris, the jury had asked if he had ever experienced any problems as bailiff and he told them about a woman who had been on drugs striking him.

The court then conducted a hearing and interviewed all members of the jury. One juror remembered that the bailiff relayed a story of a physical altercation with a woman who became belligerent when told she would not have her children returned because of alcohol and drug abuse. A second juror remembered a story of a woman losing her kids but thought the reference was to alcohol abuse. The rest of the jurors remembered some parts of the story, but could not recall any reference to alcohol or drugs, although one had responded with something like "Oh my, oh my." All of the jurors stated that no reference was made to the bailiff's communication during the remainder of their deliberations and it did not affect their verdict. The court stated that after carefully examining the jurors' responses and demeanor, it was persuaded that no actual prejudice to the defendant resulted from the bailiff's improper conduct.

■ The trial court has substantial discretion in determining whether improper communication with the jury has prejudiced the defendant, which determination will not be disturbed on review absent abuse. (*People v. Harris* (1988), 123 Ill. 2d 113, 132, 526 N.E.2d 335, 342-43.) In this case it is apparent that no prejudice resulted. The court's interview of all the jurors revealed that few paid much attention to the bailiff's stories and only one could remember a reference to drugs in an incident having no connection to the defendant or any evidence impacting the question of his guilt. Defendant's claim of prejudice is based on nothing more than mere conjecture. (See *People v. Lewis* (1975), 60 Ill. 2d 152, 158, 330 N.E.2d 857, 860.) We find the trial court did not abuse its discretion in denying defendant's motion for a new trial.

■ Defendant next argues that he was deprived of due process when the court imposed a fine of $49,350 as the street value of the 493.5 grams of cocaine seized, based solely on the prosecutor's suggestion of $100 per gram. He contends the absence of any evidentiary support for this valuation denied him the statutory procedural safeguards recognized by the supreme court in *People v. Lusietto* (1989), 131 Ill. 2d 51, 56, 544 N.E.2d 785, 787.

The State contends the issue is waived for defendant's failure to object to the calculation of the street-value fine at either his sentencing hearing or his motion to reconsider sentence. See *People v. Price* (1992), 227 Ill. App. 3d 253, 255, 591 N.E.2d 99, 100 (issue waived where defendant agreed to the fine as part of his plea agreement); *People v. Brown* (1993), 242 Ill. App. 3d 465, 467, 610 N.E.2d 776, 777 (allegation that the street-value fine was excessive was waived where no objection was raised at sentencing); *People v. Sinnott* (1992), 226 Ill. App. 3d 923, 933, 590 N.E.2d 502, 508-09 (issues related to the

street-value fine imposed were waived where defendant did not object at sentencing to testimony of a State Police criminal intelligence analyst establishing the street value of the cocaine seized).

Defendant asserts the issue should be addressed as plain error since in this case, in contrast to the cases cited, there was *no* evidentiary basis supporting the $100-per-gram fine imposed, in contravention of the statutory requirements. See *People v. Otero* (1994), 263 Ill. App. 3d 282, 284, 635 N.E.2d 1073, 1075 (lack of any statutory basis for imposition of a street-value fine potentially deprived defendant of a fair sentencing hearing and would be addressed as plain error).

The statute mandating imposition of a fine not less than the street value of the substance seized provides:

> " 'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the \*\*\* controlled substance seized." 730 ILCS 5/5—9—1.1 (West 1992).

The State argues that *Otero* is distinguishable because the court there relied on "inaccurate" information, *i.e.*, the prosecutor's erroneous statement that trial testimony established the street value of the drugs seized when, in fact, no such testimony had been offered. We disagree. There is no distinction between the circumstances in *Otero* and those here—in both instances, no evidentiary basis existed to support the fine imposed, and the court merely accepted the prosecutor's representation.

The State points out, moreover, that the statute does not require valuation testimony and the court may have concluded $100 per gram was an accurate valuation based on its own experience in presiding over other cases. (See *Otero*, 263 Ill. App. 3d at 287, 635 N.E.2d at 1076 (trial court might decline to hear evidence as to street value of the particular substance seized based on knowledge gained from prior proceedings).) As did the *Otero* court when a similar argument was raised, we decline to accept the State's speculation on the trial court's knowledge of the street value of substance seized when there is nothing of record supporting this premise. Therefore, the street-value fine of $49,350 is vacated and the trial court is directed on remand to take valuation evidence for the 493.5 grams of cocaine seized and assess a fine accordingly.

Affirmed in part; vacated in part and remanded with directions.

KNECHT, P.J., and GREEN, J., concur.