912 N.E.2d 1220 (2009)
234 Ill.2d 32
The PEOPLE of the State of Illinois, Appellee,
v.
Terry L. LEWIS, Appellant.
No. 106306.
Supreme Court of Illinois.
July 15, 2009.
*1222 Michael J. Pelletier, State Appellate Defender, Gary R. Peterson, Deputy Defender, and Catherine K. Hart, Assistant Appellate Defender, Office of the State Appellate Defender, Springfield, for appellant.

OPINION
Justice KILBRIDE delivered the judgment of the court, with opinion.
Defendant Terry L. Lewis was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2004)). The circuit court of Adams County sentenced him to a term of probation with conditions including payment of a $100 street-value fine. On appeal, defendant challenged the street-value fine. The appellate court held defendant forfeited his challenge and imposition of the street-value fine was not reviewable as plain error. The appellate court, therefore, affirmed the trial court's judgment. 379 Ill.App.3d 336, 318 Ill.Dec. 528, 883 N.E.2d 759.
We allowed defendant's petition for leave to appeal (210 Ill.2d R. 315(a)), and now hold that imposition of the street-value fine without a sufficient evidentiary basis is reviewable as plain error. Accordingly, we reverse the appellate court's judgment and remand to the trial court for a new sentencing hearing.

I. BACKGROUND
Defendant was charged with two controlled substance offenses. He filed a motion to quash his arrest and suppress evidence, alleging police officers stopped the vehicle he was driving because it had a cracked windshield. During the detention, the officers searched defendant, the vehicle, and the surrounding area and recovered evidence leading to the charges. Defendant sought suppression of the evidence, arguing that the stop, detention, and search violated his constitutional rights. Defendant also sought suppression of statements he made after his arrest. The trial court denied defendant's motion.
The parties then proceeded to a stipulated bench trial. The trial court found defendant guilty of unlawful possession of a controlled substance and later sentenced him to 24 months' probation. Defendant's probation was subject to several conditions, including payment of a $100 street-value fine. Defendant did not object to the street-value fine or file a motion to reconsider the sentence.
Defendant filed a notice of appeal containing a heading that stated, "An appeal is taken from the Order and Judgment described below." The notice listed the date of the order or judgment as "4/3/06 Order denying motion to suppress." The part of the notice under "Nature of order appealed from, other than conviction" was left blank.
On appeal, defendant did not challenge the order denying his motion to suppress evidence. Instead, his sole argument was that the trial court committed plain error by imposing the $100 street-value fine *1223 without an evidentiary basis to determine the value of the controlled substance.
The State responded that defendant's notice of appeal did not adequately indicate the basis of the appeal because it only referred to the order denying his motion to suppress. Accordingly, the State argued the notice was insufficient to confer appellate jurisdiction to review the street-value fine and the appeal must be dismissed for lack of jurisdiction. On the merits, the State conceded that the trial court erred in imposing the street-value fine without a sufficient evidentiary basis.
The appellate court did not address the State's jurisdiction argument. 379 Ill. App.3d 336, 318 Ill.Dec. 528, 883 N.E.2d 759. Instead, the appellate court proceeded directly to defendant's claim that the trial court's imposition of the street-value fine was plain error.
The appellate court first noted that defendant conceded he forfeited his argument on sentencing error by failing to raise it in the trial court. While the appellate court agreed that the trial court erred in imposing the $100 street-value fine, the court disagreed with defendant's contention that imposition of the fine was reviewable as plain error. The appellate court reasoned that plain error is a narrow and limited exception to the forfeiture rule. According to the appellate court, the plain-error exception would "essentially swallow[ ]" the general rule of forfeiture if it applied to a sentencing sanction as minimal as the $100 fine involved in this case. 379 Ill.App.3d at 340-41, 318 Ill.Dec. 528, 883 N.E.2d 759, quoting People v. Rathbone, 345 Ill.App.3d 305, 311, 280 Ill.Dec. 408, 802 N.E.2d 333 (2003). The appellate court, therefore, rejected defendant's request to apply the plain-error exception to forfeiture in this case and affirmed the trial court's judgment. 379 Ill.App.3d 336, 318 Ill.Dec. 528, 883 N.E.2d 759.

II. ANALYSIS
Initially, in response to defendant's appeal, the State renews its argument that the notice of appeal was insufficient to confer jurisdiction to consider defendant's challenge to the street-value fine. We have recently emphasized that courts of review have an independent duty to consider jurisdiction even if a jurisdictional issue is not raised by the parties. Secura Insurance Co. v. Illinois Farmers Insurance Co., 232 Ill.2d 209, 213, 327 Ill.Dec. 541, 902 N.E.2d 662 (2009); People v. Smith, 228 Ill.2d 95, 104-06, 319 Ill.Dec. 373, 885 N.E.2d 1053 (2008). The State's jurisdictional claim is a threshold issue. Accordingly, we must address that issue before considering defendant's appeal.
The State contends the notice of appeal does not confer appellate jurisdiction over the sentencing challenge raised by defendant because the notice only lists the order denying defendant's motion to suppress evidence. Defendant replies that the notice of appeal, liberally construed, gave the State adequate notice that the appeal was from his conviction and sentence.
In noncapital criminal cases, appeals are perfected by filing a notice of appeal. In re D.D., 212 Ill.2d 410, 416-17, 289 Ill.Dec. 143, 819 N.E.2d 300 (2004). The timely filing of a notice of appeal is the only jurisdictional step required to initiate appellate review. In re D.D., 212 Ill.2d at 417, 289 Ill.Dec. 143, 819 N.E.2d 300. A reviewing court lacks jurisdiction and is obliged to dismiss an appeal if there is no properly filed notice of appeal. Smith, 228 Ill.2d at 104, 319 Ill.Dec. 373, 885 N.E.2d 1053.
The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision. Smith, 228 Ill.2d at 104-05, *1224 319 Ill.Dec. 373, 885 N.E.2d 1053. The notice must identify the nature of the order appealed if the appeal is not from a conviction. 210 Ill.2d R. 606(d). A notice of appeal confers jurisdiction on an appellate court to consider only the judgments or parts of judgments specified in the notice. Smith, 228 Ill.2d at 104, 319 Ill.Dec. 373, 885 N.E.2d 1053. The notice is sufficient to confer jurisdiction if, considered as a whole and construed liberally, it fairly and adequately identifies the complained of judgment. Smith, 228 Ill.2d at 104-05, 319 Ill.Dec. 373, 885 N.E.2d 1053. The failure to comply strictly with the form of the notice is not fatal if the deficiency is nonsubstantive and the appellee is not prejudiced. Smith, 228 Ill.2d at 105, 319 Ill.Dec. 373, 885 N.E.2d 1053.
The form of defendant's notice of appeal conforms substantially to the one provided for criminal appeals in Supreme Court Rule 606(d) (210 Ill.2d R. 606(d)). Defendant's notice accurately identifies his conviction of possession of a controlled substance and the sentence imposed by the trial court. The notice was left blank under the heading "Nature of order appealed from, other than conviction." Thus, the notice of appeal indicates that defendant is appealing from his conviction.
Contrary to the State's contention, the part of the notice identifying the date of the judgment as the date of the denial of defendant's motion to suppress does not cause uncertainty as to the nature of defendant's appeal. Defendant's notice expressly states he is appealing from no orders "other than conviction." Additionally, a defendant may not appeal only from an order denying a motion to suppress evidence. See People v. Johnson, 208 Ill.2d 118, 138, 281 Ill.Dec. 38, 803 N.E.2d 442 (2003). Thus, the State could not have believed defendant was appealing only from the trial court's order denying his motion to suppress.
The State relies on Smith in arguing defendant's notice of appeal is insufficient to confer appellate jurisdiction. In Smith, the defendant appealed his conviction of possession of a controlled substance with intent to deliver, arguing the factual basis offered by the State at the plea hearing was insufficient to sustain his conviction. The appellate court affirmed the trial court's judgment. The defendant later filed a pro se "Motion to Correct Sentence." The trial court denied that motion and the defendant filed a timely notice of appeal. The notice, however, referred only to the judgment and date of conviction rather than the subsequent order denying the defendant's motion to correct his sentence. In his appellate brief, the defendant challenged the trial court's order denying his motion for sentence correction. The appellate court addressed the defendant's arguments and affirmed the trial court's judgment. Smith, 228 Ill.2d at 102-03, 319 Ill.Dec. 373, 885 N.E.2d 1053.
On appeal to this court, we noted that the record revealed a threshold question of whether the notice of appeal, listing only the judgment of conviction, effectively conferred jurisdiction on the appellate court to review the order denying the motion for sentence correction. Smith, 228 Ill.2d at 103-04, 319 Ill.Dec. 373, 885 N.E.2d 1053. We observed that "[t]he notice not only failed to mention the [order denying the motion for sentence correction]; it specifically mentioned a different judgment, and only that judgment." Smith, 228 Ill.2d at 105, 319 Ill.Dec. 373, 885 N.E.2d 1053. We concluded that the notice, liberally construed, did not fairly and adequately identify the complained-of judgment or inform the State of the nature of the appeal. Smith, 228 Ill.2d at 105, 319 Ill.Dec. 373, 885 N.E.2d 1053. Accordingly, we held *1225 the appellate court lacked jurisdiction to hear defendant's appeal. Smith, 228 Ill.2d at 105, 319 Ill.Dec. 373, 885 N.E.2d 1053.
This case is distinguishable from Smith. In Smith, the notice of appeal listed only the judgment of conviction and did not refer to the order denying the motion for sentence correction that the defendant was attempting to appeal. The defendant's notice of appeal made no reference to the order being appealed. In contrast, the notice of appeal here identifies the offense and sentence and states defendant is appealing no orders "other than conviction."
We conclude that defendant's notice of appeal, considered as a whole and liberally construed, adequately identifies the complained-of judgment and informs the State of the nature of the appeal. Accordingly, the notice was sufficient to confer jurisdiction on the appellate court to consider this appeal.
On the merits, defendant contends that the trial court clearly erred by ignoring the statutory mandate requiring the street-value fine to be based on evidence of the value of the controlled substance. See 730 ILCS 5/5-9-1.1 (West 2004). Defendant acknowledges he did not object to the error in the trial court, but contends his claim is not subject to procedural default because the mandatory procedure for setting the fine was not followed. Alternatively, defendant argues the plain-error rule excuses any forfeiture because imposition of the fine without an evidentiary basis implicates fundamental fairness and the integrity of the judicial process.
The State responds that the trial court did not err in imposing the street-value fine because the court heard testimony on the amount of controlled substances seized. That testimony was sufficient to satisfy the statutory requirements for imposing the fine. Even if the trial court erred, the defendant forfeited any challenge to the fine by failing to object in the trial court. According to the State, the defendant's claim based on the mandatory statute may be forfeited, and the plain-error exception to forfeiture does not apply because the error does not challenge the integrity of the judicial process.
It is undisputed that defendant did not object to the street-value fine or file a motion to reconsider his sentence in the trial court. Both a contemporaneous objection and a written posttrial motion are required to preserve an issue for review. People v. Enoch, 122 Ill.2d 176, 186, 119 Ill.Dec. 265, 522 N.E.2d 1124 (1988). Defendant argues he did not forfeit his challenge, however, because section 5-9-1.1(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-9-1.1(a) (West 2004)) establishes a mandatory procedure for determining the street-value fine that is not subject to forfeiture. In support of his claim, defendant relies on this court's decisions in People v. Woodard, 175 Ill.2d 435, 222 Ill.Dec. 401, 677 N.E.2d 935 (1997), and People v. Love, 177 Ill.2d 550, 227 Ill.Dec. 109, 687 Ill.Dec. 32 (1997).
In Woodard, the defendant failed to request a per diem monetary credit against his fine for time spent in custody prior to sentencing, and the sole issue was whether he could claim the statutory credit on appeal. Woodard, 175 Ill.2d at 438, 222 Ill. Dec. 401, 677 N.E.2d 935. The statute provided that a person incarcerated on a bailable offense "shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." (Emphases in original.) Woodard, 175 Ill.2d at 440, 222 Ill.Dec. 401, 677 N.E.2d 935, quoting 725 ILCS 5/110-14 (West 1994). Thus, the statutory right to the monetary credit was conferred in mandatory terms subject to the defendant's application. Woodard, 175 Ill.2d at 457, 222 Ill.Dec. 401, 677 N.E.2d *1226 935. Based on the plain language of the statute, this court held that the normal rules of procedural default did not apply and the right to the monetary credit could be claimed on appeal subject to the defendant's application. Woodard, 175 Ill.2d at 457, 222 Ill.Dec. 401, 677 N.E.2d 935.
In contrast, section 5-9-1.1(a) of the Code does not require a certain procedure for determining the amount of the fine "upon application of the defendant," nor does it contain any other language indicating the normal rules of procedural default are inapplicable to street-value fine challenges. See 730 ILCS 5/5-9-1.1(a) (West 2004). Woodard is distinguishable because section 5-9-1.1(a) does not contain any language demonstrating a legislative intent to exempt challenges to street-value fines from the normal rules of procedural default.
In Love, this court reviewed the procedures for ordering a criminal defendant to pay reimbursement for the services of appointed counsel under section 113-3.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3.1 (West 1994)). Love, 177 Ill.2d at 551, 227 Ill.Dec. 109, 687 N.E.2d 32. We noted that the constitutionality of a reimbursement statute depends upon providing for a hearing on the defendant's ability to pay. Love, 177 Ill.2d at 558-59, 227 Ill.Dec. 109, 687 N.E.2d 32, citing People v. Cook, 81 Ill.2d 176, 184-86 40 Ill.Dec. 825, 407 N.E.2d 56 (1980). In enacting section 1133.1, the legislature clearly intended to comply with constitutional standards by requiring trial courts to conduct a hearing on a defendant's ability to pay before ordering reimbursement. Love, 177 Ill.2d at 559, 227 Ill.Dec. 109, 687 N.E.2d 32. Although the defendant failed to object to the reimbursement order in the trial court, this court held waiver did not apply, in large part, because the hearing required by section 113-3.1 is designed to ensure a reimbursement order meets constitutional standards. Love, 177 Ill.2d at 564-65, 227 Ill.Dec. 109, 687 N.E.2d 32.
Here, the street-value fine was imposed as part of defendant's sentence after he was convicted of unlawful possession of a controlled substance. There is no established constitutional right to a separate evidentiary hearing before the trial court may impose a street-value fine as part of a defendant's sentence. Moreover, we have held a defendant forfeits appellate review of any sentencing issue not raised in the trial court in a written postsentencing motion. People v. Reed, 177 Ill.2d 389, 390, 226 Ill.Dec. 801, 686 N.E.2d 584 (1997), construing 730 ILCS 5/5-8-1(c) (West 1994). Thus, we find Love is distinguishable.
In sum, the decisions in Woodard and Love were based upon specific circumstances warranting exceptions to our normal rules of procedural default. Those exceptional circumstances are simply not present here. Accordingly, we conclude that procedural default principles apply to defendant's street-value fine challenge. Defendant's challenge is forfeited because he failed to object in the trial court or raise the issue in a motion to reconsider his sentence.
Defendant also asks this court to excuse his forfeiture under the plain-error doctrine. The plain-error doctrine contained in Supreme Court Rule 615(a) (134 Ill.2d R. 615(a)) provides a narrow exception to the general rule of procedural default. People v. Walker, 232 Ill.2d 113, 124, 327 Ill.Dec. 570, 902 N.E.2d 691 (2009). This court recently explained:
"[T]he plain-error doctrine allows a reviewing court to consider unpreserved error when (1) a clear or obvious error occurs and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the *1227 defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurs and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." People v. Piatkowski, 225 Ill.2d 551, 565, 312 Ill. Dec. 338, 870 N.E.2d 403 (2007), citing People v. Herron, 215 Ill.2d 167, 186-87, 294 Ill.Dec. 55, 830 N.E.2d 467 (2005).
The burden of persuasion remains with the defendant under both prongs of the plain-error test. People v. Naylor, 229 Ill.2d 584, 593, 323 Ill.Dec. 381, 893 N.E.2d 653 (2008). The first step of plain-error review is to determine whether any error occurred. Walker, 232 Ill.2d at 124-25, 327 Ill.Dec. 570, 902 N.E.2d 691.
In the appellate court, the State conceded that the trial court erred in imposing the street-value fine without a proper evidentiary basis. In its response brief to this court, however, the State argues the trial court did not err in imposing the street-value fine. According to the State, the plain language of section 5-9-1.1(a) only requires evidence of the amount of controlled substances seized. Evidence on the amount seized was presented at the preliminary hearing and the stipulated bench trial. Thus, the State contends, the evidence was sufficient to satisfy the statutory requirements for imposing the fine.
In his reply brief, defendant notes the State conceded in the appellate court that it was error to impose the fine without evidence of the controlled substance's value. Defendant does not argue, however, that the State procedurally defaulted its contrary claim in this court or is estopped from raising the argument. Defendant has, therefore, forfeited any procedural default or estoppel argument on this issue. See In re Rolandis G., 232 Ill.2d 13, 37, 327 Ill.Dec. 479, 902 N.E.2d 600 (2008). Moreover, the State's concession in the appellate court does not prevent this court from addressing the issue. See Beacham v. Walker, 231 Ill.2d 51, 60, 324 Ill.Dec. 541, 896 N.E.2d 327 (2008) (a reviewing court is not bound by a party's concession). Accordingly, we will address the merits of the State's claim that the trial court did not err in imposing the street-value fine.
The State's argument presents a question on the requirements for imposing a street-value fine under section 5-9-1.1(a) of the Code. We review questions of statutory construction de novo. People ex rel. Madigan v. Kinzer, 232 Ill.2d 179, 184, 327 Ill.Dec. 546, 902 N.E.2d 667 (2009). The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature, presuming it did not intend to cause absurd, inconvenient, or unjust results. People v. Christopherson, 231 Ill.2d 449, 454, 326 Ill.Dec. 40, 899 N.E.2d 257 (2008). A statute is considered in its entirety, keeping in mind the subject addressed and the legislature's apparent objective in enacting it. People v. Cardamone, 232 Ill.2d 504, 512, 328 Ill. Dec. 917, 905 N.E.2d 806 (2009). The best indication of legislative intent is the language of the statute, given its plain and ordinary meaning. Abruzzo v. City of Park Ridge, 231 Ill.2d 324, 332, 325 Ill. Dec. 584, 898 N.E.2d 631 (2008).
Under section 5-9-1.1(a), when a person is adjudged guilty of certain drug-related offenses:
"a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.
`Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value *1228 of the cannabis or controlled substance seized." 730 ILCS 5/5-9-1.1(a) (West 2004).
This court has held that the obvious purpose of the street-value fine is to discourage and impede illegal buying, selling, and use of drugs. People v. Lusietto, 131 Ill.2d 51, 55-56, 136 Ill.Dec. 99, 544 N.E.2d 785 (1989). To achieve that purpose, the legislature intended for the fine to be set at the full amount that an offender could receive for the drugs on the street. Lusietto, 131 Ill.2d at 55-56, 136 Ill.Dec. 99, 544 N.E.2d 785. Thus, the clear focus of section 5-9-1.1(a) is on setting the street-value fine based on the value of the drugs. The primary objective is to ensure imposition of a fine at not less than full street value. The trial court must have some evidentiary basis for current value to ensure imposition of a fine at least equal to that amount.
The State argues that section 5-9-1.1(a) requires testimony on the amount of controlled substances seized, but only permits testimony on the current street value "as may be required by the court." Thus, the State contends the court need not hear testimony on the street value of the controlled substance before imposing a street-value fine under section 5-9-1.1(a).
Our appellate court has previously considered and rejected the State's argument, holding that the legislature clearly intended trial courts to hear evidence on street value. People v. Otero, 263 Ill.App.3d 282, 285-87, 200 Ill.Dec. 734, 635 N.E.2d 1073 (1994). In Otero, the appellate court noted that trial courts were not required to hold an evidentiary hearing in every case to determine the street value of a controlled substance. Otero, 263 Ill.App.3d at 287, 200 Ill.Dec. 734, 635 N.E.2d 1073. Rather, the parties could stipulate to street value or, in some cases, the trial court could adopt reliable evidence from the trial. Otero, 263 Ill.App.3d at 287, 200 Ill.Dec. 734, 635 N.E.2d 1073. Nevertheless, the legislature intended the sentencing court to have some concrete evidentiary basis for imposing a street-value fine. Otero, 263 Ill.App.3d at 287, 200 Ill.Dec. 734, 635 N.E.2d 1073.
Following Otero, our appellate court has consistently held that a trial court errs by imposing a street-value fine without a sufficient evidentiary basis for the controlled substance's value. People v. Spencer, 347 Ill.App.3d 483, 488, 283 Ill.Dec. 387, 807 N.E.2d 1228 (2004); People v. Gonzalez, 316 Ill.App.3d 354, 364-65, 249 Ill.Dec. 315, 736 N.E.2d 157 (2000); People v. Simpson, 272 Ill.App.3d 63, 66, 208 Ill.Dec. 808, 650 N.E.2d 265 (1995). Notably, the legislature has not amended the statute contrary to the appellate court's interpretation. See Blount v. Stroud, 232 Ill.2d 302, 324, 328 Ill.Dec. 239, 904 N.E.2d 1 (2009) (legislature is presumed to have acquiesced in court's interpretation of legislative intent if a statute is not amended following judicial construction).
We agree with the appellate court's interpretation of section 5-9-1.1(a) requiring evidence of a controlled substance's street value in imposing the street-value fine. While the State is correct that section 5-9-1.1(a) only mandates "such testimony as may be required by the court" on the current street value of the controlled substance, the statute also clearly requires the fine to be based on the substance's current value. There must be some evidentiary basis for street value in the record for the court to comply with the statutory mandate of imposing a fine at least equal to the street value of the controlled substance.
The evidentiary basis may be provided by testimony at sentencing, a stipulation to the current value, or reliable evidence presented at a previous stage of the proceedings. See Otero, 263 Ill.App.3d at 287, 200 *1229 Ill.Dec. 734, 635 N.E.2d 1073. The legislature apparently acknowledged current street value may have already been established by providing only for "testimony as may be required by the court" on the current value. Testimony on current street value may not be required by the court at sentencing if the value of the controlled substance has already been established. Nonetheless, an evidentiary basis for the street value of the controlled substance is required to comply with section 5-9-1.1(a)'s core requirement of imposing a fine "at not less than the full street value."
In this case, the State does not dispute defendant's claim that there is no evidence in the record on the current street value of the controlled substance. Our review of the record does not reveal any evidence on street value. Accordingly, we conclude the trial court erred in imposing the street value fine without an evidentiary basis for the current value of the controlled substance seized.
Having concluded that the trial court clearly erred in imposing the street-value fine without a proper evidentiary basis, we must consider whether the defendant's forfeiture may be excused under the plain-error doctrine. The first prong of plain-error review on closely balanced evidence is not at issue in this case. Rather, defendant argues imposition of the fine falls under the second prong of the plain-error test because it involves fundamental fairness and the integrity of the judicial process.
Prior to the appellate court's decision in this case, our appellate court consistently held that imposition of a street-value fine without a sufficient evidentiary basis was plain error. See Spencer, 347 Ill.App.3d at 488, 283 Ill.Dec. 387, 807 N.E.2d 1228 (noting Illinois courts "universally concluded that the failure to support a street value fine with any evidentiary basis constitutes plain error"); see also Gonzalez, 316 Ill. App.3d at 364, 249 Ill.Dec. 315, 736 N.E.2d 157; Simpson, 272 Ill.App.3d at 66, 208 Ill.Dec. 808, 650 N.E.2d 265; Otero, 263 Ill.App.3d at 284, 200 Ill.Dec. 734, 635 N.E.2d 1073. In this case, the appellate court acknowledged those prior decisions, but declined to follow them. 379 Ill. App.3d at 339, 318 Ill.Dec. 528, 883 N.E.2d 759. The appellate court essentially adopted a de minimus exception for plain-error review, holding "[i]f the plain-error rule applied to a sentencing sanction as minimal as a $100 fine, then surely nothing would be left of" the requirements for preserving sentencing errors for appeal. 379 Ill.App.3d at 341, 318 Ill.Dec. 528, 883 N.E.2d 759.
The foundation of plain-error review is fundamental fairness. Herron, 215 Ill.2d at 177, 294 Ill.Dec. 55, 830 N.E.2d 467; People v. Keene, 169 Ill.2d 1, 17, 214 Ill. Dec. 194, 660 N.E.2d 901 (1995). Plain error marked by fundamental unfairness occurs only in situations revealing a breakdown in the adversary process as distinguished from typical trial errors. Keene, 169 Ill.2d at 17, 214 Ill.Dec. 194, 660 N.E.2d 901. Thus, plain error encompasses matters affecting the fairness of the proceeding and the integrity of the judicial process. Keene, 169 Ill.2d at 17, 214 Ill. Dec. 194, 660 N.E.2d 901. Under the second prong of plain-error review, prejudice to the defendant is presumed because of the significance of the right involved. Piatkowski, 225 Ill.2d at 564-65, 312 Ill.Dec. 338, 870 N.E.2d 403, quoting Herron, 215 Ill.2d at 186-87, 294 Ill.Dec. 55, 830 N.E.2d 467.
Section 5-9-1.1(a) of the Code requires a street-value fine to be based on the current street value of the controlled substance. 730 ILCS 5/5-9-1.1(a) (West 2004). The judicial process in setting the *1230 fine depends on evidence of current value. If there is no evidence on value, the fine has no basis in the statute or the evidence and will be arbitrary.
The error here is more than a simple mistake in setting the fine. Rather, it is a failure to provide a fair process for determining the fine based on the current street value of the controlled substance. Plain-error review is appropriate because imposing the fine without any evidentiary support in contravention of the statute implicates the right to a fair sentencing hearing. See People v. Blue, 189 Ill.2d 99, 140, 244 Ill.Dec. 32, 724 N.E.2d 920 (2000) (defendant did not receive a fair trial because the guilty verdict rested on considerations other than evidence of guilt). The integrity of the judicial process is also affected when a decision is not based on applicable standards and evidence, but appears to be arbitrary. See People v. Johnson, 208 Ill.2d 53, 84, 281 Ill.Dec. 1, 803 N.E.2d 405 (2003) (integrity of judicial process is undermined when a decision is not based on the evidence).
Contrary to the appellate court, we do not believe a de minimus exception can be placed on plain-error review. The exception would be difficult to implement because it would require declaring when the dispute becomes significant rather than de minimus. The question would necessarily arise as to where the line should be drawn. More importantly, a de minimus exception is inconsistent with the fundamental fairness concerns of the plain-error doctrine. Plain-error review focuses on the fairness of a proceeding and the integrity of the judicial process. Herron, 215 Ill.2d at 177, 294 Ill.Dec. 55, 830 N.E.2d 467; Keene, 169 Ill.2d at 17, 214 Ill.Dec. 194, 660 N.E.2d 901. An error may involve a relatively small amount of money or unimportant matter, but still affect the integrity of the judicial process and the fairness of the proceeding if the controversy is determined in an arbitrary or unreasoned manner.
We conclude plain-error review is appropriate here because the error challenges the integrity of the judicial process and undermines the fairness of defendant's sentencing hearing. The trial court's imposition of the street-value fine without any evidentiary basis resulted in plain error. Accordingly, we reverse the appellate court's judgment, vacate the street-value fine, and remand to the trial court for imposition of a new fine based on evidence of the street value of the controlled substance.

III. CONCLUSION
For the foregoing reasons, we reverse the appellate court's judgment. The street-value fine imposed by the trial court is vacated, and the cause is remanded to the trial court for imposition of a new fine.
Appellate court judgment reversed; circuit court judgment vacated in part; cause remanded.
Chief Justice FITZGERALD and Justices FREEMAN, THOMAS, GARMAN, KARMEIER, and BURKE concurred in the judgment and opinion.