2019 IL App (3d) 170028

Opinion filed May 7, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0028 Circuit No. 14-CF-2393 |
| ARTIS J. ROSS, | ) ) | Honorable Edward A. Burmila Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion
Justice Holdridge concurred in the judgment and opinion.
Presiding Justice Schmidt dissented, with opinion.

**OPINION**

¶ 1   Defendant, Artis J. Ross, appeals following the revocation of his probation and subsequent sentencing to the Department of Corrections. He argues that a portion of his probation fee, which he paid in full, should be refunded because his probation was revoked. We agree and remand so the circuit court may enter an order refunding defendant the sum of $440.

¶ 2                           I. BACKGROUND

¶ 3        The State charged defendant with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2014)). On February 16, 2016, the court sentenced defendant to a term of 30 months' probation.

¶ 4        The court also ordered defendant to pay $1664 in monetary assessments. Defendant received $1060 in monetary presentence custody credit, reducing his costs subtotal to $604. The court then imposed a probation fee of $600. The resulting sum of $1204 was fully offset by defendant's bond deposit of $2000. The assessments order thus provided defendant with a refund of $796.

¶ 5        On July 14, 2016, the State filed an amended petition to revoke defendant's probation. On October 27, 2016, defendant admitted to the allegations in the petition, and the court revoked his probation. Defendant was remanded to custody on that date and remained in custody through his resentencing. On January 6, 2017, the court resentenced defendant to a term of 5½ years' imprisonment. The court did not issue a new monetary assessments order or otherwise modify its original assessments.

¶ 6                                    II. ANALYSIS

¶ 7        On appeal, defendant contends that the $600 probation fee imposed by the court, which was paid in full out of his bond deposit, contemplated 30 months of probation. Because defendant only spent eight months under the supervision of probation services, he argues that he is entitled to a $440 refund of this assessment. The State concedes that defendant is not obligated to pay a fee for time in which he was not on probation and that a person in his position would ordinarily be entitled to a refund. However, the State points out that defendant failed to raise this issue at any point in the circuit court and argues that the matter is therefore forfeited.

¶ 8 Section 5-6-3(i) of the Unified Code of Corrections mandates that the circuit court shall impose "a fee of $50 for each month of probation or conditional discharge supervision or supervised community service ordered by the court, unless after determining the inability of the person sentenced to probation or conditional discharge or supervised community service to pay the fee, the court assesses a lesser fee." 730 ILCS 5/5-6-3(i) (West 2016). That same subsection specifies that "[t]he fee shall be imposed only upon an offender who is actively supervised by the probation and court services department." *Id.*

¶ 9 The court's imposition of a $600 probation fee, following a sentence of 30 months' probation, contemplated a per month fee of $20. At that rate, defendant's probation from March through October 2016[1] would result in a total fee of $160. Having paid the full $600 fee in advance, defendant was plainly entitled to a refund of $440, and we accept the State's concession on that issue.

¶ 10 We next consider whether the court's failure to order defendant's refund amounted to second-prong plain error. In *People v. Lewis*, 234 Ill. 2d 32, 48-49 (2009), our supreme court held that the imposition of a street value fine without a hearing to determine the proper amount of that fine was second-prong plain error. The court rejected the appellate court's application of a *de minimis* exception to the plain error rule, concluding:

> "Plain-error review focuses on the fairness of a proceeding and the integrity of the judicial process. [Citations.] An error may involve a relatively small amount of money or unimportant matter, but still affect the integrity of the judicial process

---

[1]Defendant was sentenced to probation on February 29, 2016 and remanded into the custody of the county jail on October 27, 2016. Defendant does not argue that the October fee should be prorated, and the State does not argue that defendant should be charged a fee for the single day in February. The parties agree that defendant was under the supervision of probation services for eight months, and we accept that agreement.

and the fairness of the proceeding if the controversy is determined in an arbitrary or unreasoned manner.

*** The trial court's imposition of the street-value fine without any evidentiary basis resulted in plain error." *Id.* at 48.

The statement of law made in *Lewis* has been cited approvingly by the supreme court as recently as 2017. *People v. Fort*, 2017 IL 118966, ¶ 19.

¶ 11　　In the present case, the court did not address defendant's fines and fees upon resentencing. No effort was made to consider the impact of his probation revocation on those monetary assessments. The error here was not a "simple mistake" in the calculation of the fee. *Lewis*, 234 Ill. 2d at 48. Instead, the State has helped itself to $440 of defendant's money, without any consideration of whether that was justified, paralleling the imposition of a fine without a hearing in *Lewis*. In fact, the State is *not* justified in keeping that money. Doing so without any type of judicial determination fundamentally undermines the integrity of the judicial process. See *id.* We therefore remand the matter with instructions that the circuit court enter an order refunding that sum.

¶ 12　　In reaching this conclusion, we note the apparent dissonance in our supreme court's plain error case law. On one hand, the court has emphasized that only structural errors, such as a trial before a biased judge or jury, will constitute second-prong plain error. *People v. Thompson*, 238 Ill. 2d 598, 609 (2010). In accordance with this strict interpretation of the second prong, the court has repeatedly held that error in the delivery of Rule 431(b) (Ill. S. Ct. R. 431(b) (eff. July 1, 2012)) admonishments to the jury is generally not cognizable under the second prong. *People v. Sebby*, 2017 IL 119445, ¶ 52. Yet, as stated in *Lewis* and affirmed in *Fort*, some monetary errors *may* rise to the level of second-prong plain error. The *Lewis* court held that unfairness is

4

unfairness, with no *de minimis* exception. *Lewis*, 234 Ill. 2d at 48. The present case, however, does not call for this court to resolve this apparent discord. *Lewis* remains good law, and under *Lewis*, the circuit court here committed plain error in not refunding defendant's money.

¶ 13                                    III. CONCLUSION

¶ 14        The judgment of the circuit court of Will County is affirmed, and the matter is remanded with directions.

¶ 15        Affirmed and remanded with directions.

¶ 16        PRESIDING JUSTICE SCHMIDT, dissenting:

¶ 17        This error does not rise to the level of plain error. Unlike *Lewis*, we are not talking about a fine levied in the absence of evidence. Looking at the new Illinois Supreme Court Rule 472(c) (eff. Mar. 1, 2019), how can one reach the conclusion that this error in the fee constitutes second-prong plain error? I would honor the forfeiture.