NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240339-U

NO. 4-24-0339

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 1, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DAVID S. FRY, | ) | No. 22CF59 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*:     The trial court erred when it failed to consider section 8-5-4(f)(2) of the Unified Code of Corrections (730 ILCS 5/5-8-4(f)(2) (West 2022)) when sentencing defendant. Defendant's sentence is vacated, and the case is remanded to the trial court for resentencing, with instructions to give proper consideration to section 8-5-4(f)(2).

¶ 2     Following an indictment on 45 counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2020)), defendant, David S. Fry, entered into a plea agreement where he pleaded guilty to 10 counts, each a Class 2 felony (*id.* § 11-20.1(c)), and the State dismissed the remaining charges. The trial court sentenced defendant to 10 mandatory consecutive terms of 5½ years in the Illinois Department of Corrections (DOC), resulting in a aggregate sentence of 55 years. On appeal, defendant advances three arguments: (1) his sentence violates section 5-8-4(f)(2) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(f)(2)

(West 2022)) because his offenses were committed as part of a single course of conduct during which there was no substantial change in the criminal objective, and therefore, the aggregate sentence should be a maximum of 28 years in prison; (2) his 55-year sentence is excessive because the trial court did not adequately consider his significant potential for rehabilitation and the cost of incarceration; and (3) the trial court denied his right to a fair sentencing hearing when it failed to consider certain factors in mitigation.

¶ 3        For the following reasons, we vacate defendant's sentence and remand to the trial court for resentencing.

¶ 4                                I. BACKGROUND

¶ 5        On January 19, 2022, the State indicted defendant on 45 counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2020)) and then arrested defendant the next day. The indictment was based on defendant's possession of numerous pornographic images of minors. These images included, but were not limited to, novel images he created by photoshopping images of his stepdaughter, his nieces, and a friend's daughter onto the bodies of other children in pornographic images. The warrant was issued after the Normal Police Department received a cybertip from Adobe Systems that known child erotica images were detected in connection with defendant's contact information, including his home, e-mail, and Internet Protocol addresses.

¶ 6        Pursuant to a plea agreement, defendant pleaded guilty to 10 counts of Class 2 felony possession of child pornography, and the State dismissed the remaining counts. At the plea hearing, the trial court informed defendant that if he was found guilty on multiple counts, mandatory consecutive sentences as to each count would be imposed, and with each count ranging from 3 to 7 years, the aggregate sentence would be 30 to 70 years. Defendant indicated

he understood and acknowledged there was no agreement between the parties as to sentencing. The court admonished defendant of his rights, and defendant entered his guilty plea as to the 10 counts as agreed. The State then offered its factual basis for the plea. It recounted the cybertip from Adobe and the information linking defendant to the content. It also recounted the search of defendant's home, where he answered the door himself. Defendant identified his electronic devices, including an iPhone, iPad, and iMac computer, all of which were seized.

¶ 7        Defendant admitted to Normal police that he previously took a photo of his then eight-year-old stepdaughter and later photoshopped her face onto the naked body of a prepubescent child. He also admitted it was possible that he had seen an image of a small child engaged in sexual activity with an adult while he was viewing pornography. He stated that he viewed child pornography as recently as August or September 2020. Defendant also confessed to manipulating and viewing images, which he would later delete. Multiple child pornography images were extracted from defendant's electronic devices, with metadata covering multiple dates.

¶ 8        At the plea hearing, defendant confirmed that he understood each of the 10 counts to which he pleaded guilty. The trial court told the parties that defendant could be sentenced to mandatory consecutive sentences ranging from 3 to 7 years, with a total sentence of 30 to 70 years. The court admonished defendant of his rights and asked him if he freely and voluntarily gave his plea, to which defendant responded, "Yes." The State proffered its factual basis for defendant's charges. This included the cybertip it received, the search of defendant's residence, the search of the electronic devices, his interview and confession to photoshopping the pictures, his confession to viewing child pornography, and a doctor's opinion that the minors in the pornographic images were under the age of 18, with some being under the age of 13. Again, the

court asked defendant if he understood and accepted his plea agreement, and defendant affirmed. Defense counsel stipulated to the factual basis, and the court found defendant guilty.

¶ 9    In June 2023, the trial court held a sentencing hearing for defendant. The court confirmed with the parties that each count was a Class 2 felony and that if there were DOC sentences, they would be mandatory consecutive sentences ranging from 3 to 7 years, with a total sentence of 30 to 70 years. A presentence investigation report and a sex offender evaluation were provided. Then the State offered evidence in aggravation, the defense provided mitigating evidence, and the court turned to the parties for argument.

¶ 10    The trial court then gave defendant his sentence. The court stated:

"All right. Well, I understand the evidence and positions of the parties here today. I have considered the factual basis from the plea, the Pre-Sentence Investigation report, the Sex Offender Evaluation from May 1st of this year, the history, character and attitude of the defendant, the evidence and arguments made today from the parties, the exhibits which were admitted and are considered today, and the statement in allocation [*sic*] from [defendant].

If I don't go into any specific factor in aggravation or mitigation, it's not because I am not considering it. And if I am brief, it is not because I have not been contemplating this hearing as it approached, and I have considered at least the information I had before the hearing to be considered. I have put thought into this. And I am considering the relevant statutory factors in aggravation and the relevant statutory factors in mitigation pursuant to Illinois statutes. And I am considering, I guess to specify, I am considering all the relevant statutory factors in aggravation and all the relevant factors in mitigation which apply in this case.

And if I mention any specific factor, I am not saying I am singling that out or giving that specific weight; or by not mentioning that, I am giving it less.

And I do think there are factors in mitigation. I think a lack of criminal history is almost always an important factor for me to consider. And that is here in favor of [defendant]. I am considering the past, his military service. And I am also considering the fact that he has taken a level of accountability through a plea.

And I don't think that [defense counsel] is wrong in his statement of not a stronger way to show a willingness to take accountability sometimes than doing that.

But I also think that probation in this case would deprecate the seriousness of the conduct in this case. I think a sentence to the Department of Corrections is necessary. I think a sentence in the Department of Corrections is necessary also to protect the public and to deter others.

But for the factors in mitigation which I am required to consider here, I don't think the State's recommendation would be an appropriate recommendation at all. But because I am required to consider those factors in mitigation, [defendant] will be sentenced to five-and-a-half years on each count to be served consecutively."

¶ 11　　　　After the sentencing hearing, defendant filed a motion to reconsider his sentence and withdraw his guilty plea. The trial court denied his motions, and defendant appealed. Defendant's appeal was remanded for strict compliance with Illinois Supreme Court Rule 604(d) (eff. Oct. 19, 2023). *People v. Fry*, No. 4-23-0627 (Ill. 2023) (order). On remand, counsel filed a new motion to reconsider defendant's sentence. The court concluded that the "sentence as

imposed was proper[ and] was not excessive" and denied the motion to reconsider.

¶ 12        This appeal follows.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, defendant advances three arguments: (1) his 55-year sentence violates the Code because his offenses were committed as part of a single course of conduct during which there was no substantial change in the criminal objective, and therefore, the aggregate sentence should be a maximum of 28 years in prison; (2) his sentence is excessive because he has significant potential for rehabilitation; and (3) the trial court denied him his right to a fair sentencing hearing when it failed to consider factors in mitigation.

¶ 15                                    A. Jurisdiction

¶ 16        Before we can address defendant's arguments, the State urges us to consider our jurisdiction in this case. A jurisdictional claim is a threshold issue; therefore, we will address it first. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). The State argues that this court does not have jurisdiction over count 30, one of the 10 counts to which defendant pleaded guilty as a result of his plea agreement, because he repeatedly failed to include count 30 in his appellate court filings. On defendant's notice of appeal filed on February 22, 2024, count 30 is excluded from the "Offense of which convicted." Defendant lists the other nine counts that he pleaded guilty to, including counts 7, 8, 21, 23 through 26, 28, and 35. The next day, defendant filed an amended notice of appeal, but this amended notice still omitted count 30. Defendant concedes that his filings omitted count 30. However, defendant argues that this error was not substantive, and that regardless, the notice of appeal still practically informed the State of the judgment being appealed. We agree.

¶ 17        "The purpose of the notice of appeal is to inform the prevailing party that the

other party seeks review of the trial court's decision." *Id.* A notice of appeal is sufficient to confer jurisdiction if, considered as a whole and construed liberally, it fairly and adequately identifies the judgment being appealed. *Id.* "The failure to comply strictly with the form of the notice is not fatal if the deficiency is nonsubstantive and the appellee is not prejudiced." *Id.*

¶ 18    Here, although defendant's notice did not include count 30, when construed liberally and fairly, the notice was sufficient, and the State was not prejudiced by the omission. Pursuant to his plea negotiations, defendant pleaded guilty to 10 separate counts and, in exchange, the State dismissed the remaining counts. Defendant was then sentenced to 5½ years on each count, to be served consecutively. On both notices, where the form asks the nature of the order appealed from, defendant listed "CONVICTION, SENTENCE, & DENIAL OF MOTION TO RECONSIDER." As defendant pleaded guilty to all 10 counts as part of a plea agreement, it logically follows that his appeal of the ultimate sentence would be regarding all 10 counts. The trial court's sentence consisted of the same term of 5½ years, to be served consecutively, for each count. It would be confusing if defendant sought to appeal only 9 of his 10 counts. It is clear from the record before us that the State was on notice of what defendant was appealing and was not prejudiced in any way by the omission of count 30. As such, we hold that we have jurisdiction over all 10 counts.

¶ 19    B. Consecutive Sentencing Under Section 5-8-4(f)(2)

¶ 20    We now turn to defendant's first argument. The State argues that defendant forfeited his argument because he did not raise it in the trial court first and instead raises it for the first time on appeal. The State also argues that any claims as to counts 7, 8, and 21 should be deemed forfeited or waived on appeal as they were not listed on the Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023) certificate filed on January 18, 2024, or in the amended motion to

- 7 -

reconsider his sentence filed on the same date.

¶ 21 Defendant asks us to nevertheless consider his argument under the doctrine of plain error. Pursuant to Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967), an appellate court may review "[p]lain errors or defects affecting substantial rights," even when those errors were not raised before the trial court. Under the plain error doctrine, a forfeited claim can be heard in two circumstances: (1) where a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error and (2) where a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's sentencing and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Stewart*, 2022 IL 126116, ¶ 11.

¶ 22 In this case, defendant argues that his sentence was improper and prohibited by statute. If he is correct, then this would amount to plain error. "The imposition of an unauthorized sentence affects substantial rights and, thus, may be considered by a reviewing court even if not properly preserved in the trial court." (Internal quotation marks omitted.) *Id.* ¶ 12. The first step in the plain error analysis is to ascertain whether an error occurred. *Id.* Thus, we analyze whether defendant's sentence was improper.

¶ 23 We begin with the statute. Section 5-8-4(f)(2) of the Code states, in pertinent part, that:

> "the aggregate of consecutive sentences for offenses that were committed as part
> of a single course of conduct during which there was no substantial change in the
> nature of the criminal objective shall not exceed the sum of the maximum terms
> *** for the 2 most serious felonies involved, but no such limitation shall apply for

offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective."

730 ILCS 5/5-8-4(f)(2) (West 2022).

Defendant argues that all the counts to which he pleaded guilty were for unlawful possession of child pornography, all occurred on the same date of November 18, 2020, and the criminal objective for all the counts never changed. As his offenses were Class 2 felonies, they were subject to a maximum of 14 years each (see *id.* § 5-4.5-35(a)); therefore, the maximum sentence for defendant's conduct is 28 years in DOC, which is shorter than the imposed 55 years in DOC to which he was sentenced.

¶ 24        The State agrees with defendant's premise that all Class 2 felony convictions reflecting a single course of conduct should result in an DOC sentence capped at 28 years;, however, the State denies that defendant's offenses were committed as a single course of conduct during which there was no substantial change in the nature of the criminal objective. The State does not dispute that the date of possession was November 18, 2020. Instead, the State theorizes that defendant actually committed three courses of conduct that are distinguishable: first, possession of child pornography for the purpose of digital manipulation with other digital imagery to create novel pornographic images; second, possession of child pornography to commemorate an act of child sexual exploitation committed by defendant himself, *i.e.*, possession of images without the apparent intention to digitally manipulate them; and third, possession of child pornography without either of the two aforementioned purposes.

¶ 25        We note that as defendant did not raise this issue with the trial court, the State similarly did not provide this argument there, nor did the court identify these different courses of conduct itself. In fact, the record before us lacks any indication that the trial court considered the

consecutive sentencing statute. The State asks us to infer these courses of conduct applied to defendant's convictions. Alternatively, the State argues that we should remand for the trial court to clarify precisely which acts belong to which course of conduct.

> "The determination of whether a defendant's actions constitute a single course of conduct or [are] part of an unrelated course of conduct is a question of fact for the trial court to determine, and a reviewing court will defer to the trial court's conclusion unless that conclusion is against the manifest weight of the evidence." (Internal quotation marks omitted.) *People v. Robinson*, 2015 IL App (1st) 130837, ¶ 102.

We find that, as the trial court did not consider section 5-8-4(f)(2) in sentencing defendant, and therefore made no conclusion as to defendant's course of conduct to which this court could defer, the trial court erred in sentencing defendant.

¶ 26         Moving to the next step in plain-error review, we find that this error could have resulted in an unauthorized sentence. See *Stewart*, 2022 IL 126116, ¶ 12. We do not opine as to whether the sentence was improper or not, as it is for the trial court to conduct an analysis of the charges with section 5-8-4(f)(2) in mind. If all the counts are not part of the same course of conduct, then the sentence may be within the statutory guidelines. Either way, the court's failure to apply the statute denied defendant of his right to a fair sentencing hearing. See *People v. Martin*, 119 Ill. 2d 453, 458 (1988). Therefore, instead of making a factual finding more appropriate for the trial court to consider, we vacate defendant's sentence and remand with instructions for the trial court to analyze whether any of the counts to which defendant pleaded guilty were a part of the same course of conduct and to issue a sentence compliant with section 8-5-4(f)(2) of the Code. As we are vacating defendant's sentence, we do not address his

- 10 -

remaining arguments regarding whether his sentence was excessive and whether the court adequately considered and weighed the factors in mitigation and aggravation.

¶ 27                                    III. CONCLUSION

¶ 28          For the reasons stated, we hold that the trial court committed plain error when it failed to consider section 8-5-4(f)(2) of the Code. As such, we vacate defendant's sentence and remand for further proceedings consistent with this order.

¶ 29          Vacated; cause remanded with directions.