No. 3--02--0824 

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

THE PEOPLE OF THE STATE OF    ) Appeal from the Circuit Court

ILLINOIS, ) of the 14th Judicial Circuit

                              ) Rock Island County, Illinois   

Plaintiff-Appellee, )

) 

v. ) No.  99--CF--1019 

)

MARIO ENGLISH,                )                               

                              ) Honorable Charles H. Stengel,

Defendant-Appellant. ) Judge, Presiding.

JUSTICE SCHMIDT delivered the opinion of the court:

On July 11, 2000, the defendant, Mario English, was convicted in the circuit court of Rock Island County of armed robbery.  On August 24, 2000, English was sentenced to a term of 20 years in prison.  Defendant's conviction and sentence were affirmed by this court on January 8, 2002.  On September 30, 2002, English filed a 
pro se 
petition for postconviction relief challenging his sentence.  The trial court 
summarily dismissed the postconviction petition as frivolous and patently without merit.  Defendant appeals.  We affirm. 

FACTS

The incident that led to English's conviction took place on October 10, 1999, at a Burger King in Rock Island County.  At defendant's sentencing hearing, the State presented testimony of Jeff Collins, a Rock Island police officer.  He testified to an incident which occurred on November 30, 1999.  Collins testified that as he conducted a traffic stop on a car driven by English and occupied by Chad Dennison, a co-defendant, Dennison fled and dropped a gun while English ignored Collins' orders to turn off the vehicle and instead "stomped" on the gas pedal.  English then swerved the car toward Collins resulting in Collins being struck in the knee and injured.  As a result, English was charged with aggravated battery; 
this charge was pending at the time of English's sentencing hearing for the armed robbery conviction.  Subsequently, the charges for aggravated battery were dismissed.

ANALYSIS

During the initial stage of the proceedings under the Post- Conviction Hearing Act (725 ILCS 5/122--1 
et seq
. (West 2000)), the court determines whether the petition is frivolous or patently without merit.  725 ILCS 5/122--2.1(a)(2) (West 2000).  
To survive first-stage dismissal, a 
pro se 
petitioner need only present the "gist" of a constitutional claim.  
People v. Jones
, 211 Ill. 2d 140, 144, 809 N.E.2d 1233, 1236 (2004).  When no evidentiary hearing is held, an appellate court reviews a trial court's dismissal of a postconviction petition 
de novo
.
  People v. Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).  

In her brief, appellate counsel for English argues that defendant's attorney at trial was ineffective because he failed to object to the presentence report considered by the court.  English's postconviction petition does not include this allegation.  No fair reading of this petition could be deemed to include that argument.  Therefore, we will not address it.

English's petition alleges that his trial counsel was ineffective for failing to object to testimony at the sentencing hearing regarding the pending aggravated battery charge.  English further alleges that his appellate counsel was ineffective for failing to raise the issue of consideration of the pending aggravated battery charge in his direct appeal.  English claims that consideration of the pending aggravated battery charge during his sentencing was improper and violated his constitutional rights, including his due process rights under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2343 (2000).  

The thrust of defendant's argument on appeal is that a court may never consider pending charges when sentencing a defendant.  The argument misses the mark.  The trial court here considered, not the pending charge, but the conduct that gave rise to the charge. 

While evidence of past criminal conduct is often not admissible at trial, it is relevant information at sentencing.  Previous convictions are routinely considered.  In addition, outstanding indictments or other criminal conduct for which there has been no prosecution or conviction may be considered in sentencing.  
People v. Jackson
, 149 Ill. 2d 540, 548, 599 N.E.2d 926, 930 (1992).  Evidence of criminal conduct can be considered at sentencing, even if the defendant previously had been acquitted of the conduct because acquittal is not necessarily conclusive evidence that the defendant did not commit the acts alleged.  
People v. Jackson
, 149 Ill. 2d at 549-50, 599 N.E.2d at 930. 
  Evidence of other criminal conduct should be presented by witnesses, who can be confronted and cross-examined, rather than by hearsay allegations in the presentence report, so that the defendant has an opportunity to rebut the testimony.  
People v. Jackson
, 149 Ill. 2d at 548.  That is exactly what occurred here.

At the sentencing hearing, the trial court only considered 
evidence of the prior criminal conduct 
that was presented by 
Officer Collins and subject to contemporaneous cross-examination.  
The 
sentencing judge specifically noted that 
he did not consider any of the other pending charges because 
the existence of those charges was nothing more than inadmissible hearsay.    

Accordingly, we find that the trial court
 properly considered 
Officer Collins' testimony
.  Thus, the failure to object and/or raise the issue on appeal could not constitute ineffective assistance of counsel. 

We next address English's argument that he was denied due process because the court's consideration of the pending aggravated battery charge violated the requirements of
 Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  Under 
Apprendi
, any fact other than the fact of a prior conviction which may increase the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  At the time defendant was sentenced, the sentence range for armed robbery, a Class X felony, was between 6 and 30 years' imprisonment.  730 ILCS 5/5--8--1(a)(3) (West 2000).  Since English's 20-year sentence did not exceed the prescribed statutory maximum, 
Apprendi
 does not apply.   
For the reasons set forth above, we find that defendant's postconviction petition failed to set forth even the gist of a constitutional claim and was, therefore, properly dismissed.

CONCLUSION

The circuit court of Rock Island County is affirmed.  

Affirmed.

McDADE and O'BRIEN, JJ., concur.