SECOND DIVISION
FILED: August 31, 2010

No. 1-08-3458

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | APPEAL FROM THE CIRCUIT COURT OF COOK COUNTY |
| Plaintiff-Appellee, | ) ) | No. 07 CR 10541 |
| v. | ) ) | |
| DAVID SANCHEZ, | ) ) | THE HONORABLE LAWRENCE P. FOX, |
| Defendant-Appellant. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

Following a bench trial, the defendant, David Sanchez, was convicted of possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2006)) and sentenced to nine years in prison. On appeal, the defendant contends that: (1) trial counsel was ineffective for allowing the State to impeach him with an inadmissible prior conviction, (2) the trial court's findings in announcing the verdict indicate that he was denied the right to a fair trial, (3) the trial court improperly increased his sentence from seven to nine years, and (4) the mittimus must be corrected to reflect the proper credit for the time he served prior to sentencing. Because we conclude that the defendant was denied the effective assistance of counsel, we reverse his conviction and remand the cause for a new trial.

The defendant was charged with possession of a controlled

substance with the intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2006)). At trial, Chicago Police Detective Patrick Johnson testified that, at around 12:30 a.m. on April 24, 2007, he and his partner, Detective Anthony Amado, were on patrol in the vicinity of 3320 West 38th Place. Detective Johnson observed John Repel, a man he knew had a history of gang and narcotics activity, leaving the rear gate of that address. After Repel was unable to explain his presence in the area, the two detectives entered the apartment building located at 3320 West 38th Place, through an open side door that led to a common stairwell.

According to Detective Johnson, he and his partner received no response after knocking on the apartment door located on the first floor, so they proceeded to the second floor. The detectives knocked on a door on the second floor and, after identifying themselves as police officers, were told by a man inside to "hold on a minute." Detective Johnson testified that he heard the sound of water being turned on and heavy objects being moved. Believing that an individual in the apartment might jump or throw something out of a window, he went to the building's west gangway.

Detective Johnson testified that he heard the sound of a storm window opening from the second floor and then saw the defendant lean out of the window and throw a plastic bag. The bag landed on the roof of the adjacent building, rolled off, and fell to the ground. Detective Johnson testified that he recovered the bag, which he believed contained brown heroin.

According to Detective Johnson, he returned to the second floor and arrested the defendant. When the defendant was later questioned at the police station, he told the detectives that someone had left "that item" at his apartment and that he threw it out the window because he did not want to get caught.

The parties stipulated to the chain of custody for the bag recovered by Detective Johnson in the gangway. Testing by the Illinois State Police showed that the bag contained a substance which weighed 46.8 grams and tested positive for cocaine.

Testifying on his own behalf, the defendant stated that, at approximately 12:30 a.m. on April 24, 2007, he was awakened by the barking of his dogs. His back door was kicked in, a police officer entered his apartment, and arrested him. The defendant denied that he had any cocaine in his apartment or that he threw a bag of cocaine out of a window. He also denied telling the police that he was just holding the bag and that it did not belong to him.

The defendant testified that there are two apartments on the second floor of his building. He further stated that the screens on the windows in his apartment have screws and clips, which require a screw driver to remove.

The parties stipulated that in 1996 the defendant was convicted of possession of a controlled substance with the intent to deliver. No evidence was introduced at trial as to the specific date of this conviction or the date of the defendant's release from prison.

No. 1-08-3458

Following closing arguments, the trial court found the defendant guilty of the lesser included offense of possession of a controlled substance. At first, the court imposed a prison sentence of seven years, but vacated the sentence, and later imposed a nine-year prison term. This appeal followed.

Initially, we address the defendant's argument that he was denied effective assistance of counsel at his trial. The defendant contends that trial counsel was ineffective for allowing the State to impeach him with his 1996 prior conviction. According to the defendant, this conviction was more than 10 years old and, therefore, inadmissible.

Claims of ineffective assistance of counsel are evaluated under the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Under Strickland, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687; People v. Albanese, 104 Ill. 2d 504, 525, 473 N.E.2d 1246 (1984). The defendant has the burden of establishing both prongs of the Strickland test. People v. Burks, 343 Ill. App. 3d 765, 775, 799 N.E.2d 745 (2003).

In Illinois, evidence that a witness has been convicted of a crime is not admissible for impeachment purposes "if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later

-4-

No. 1-08-3458

date." People v. Montgomery, 47 Ill. 2d 510, 516, 268 N.E.2d 695 (1971), adopting the 1971 proposed draft of Rule 609 of the Federal Rules of Evidence. The 10-year time limit is calculated by measuring the age of the prior conviction in relation to the date of the trial. People v. Naylor, 229 Ill. 2d 584, 602, 893 N.E.2d 653 (2008).

Although the details of the defendant's 1996 prior conviction were not elicited at trial, both the defendant and the State agree that this court may take judicial notice of the public records of the Illinois Department of Corrections. See People v. Peterson, 372 Ill. App. 3d 1010, 1019, 868 N.E.2d 329 (2007); People v. DuPree, 353 Ill. App. 3d 1037, 1047, 820 N.E.2d 560 (2004). These records reveal that the defendant was released from prison on November 26, 1997, and completed his mandatory supervised release (MSR) on November 28, 1999. The defendant's trial for the current offense was held on May 6, 2008.

The State asserts that the defendant's 1996 conviction was admissible because the defendant was not released from the custody of the Illinois Department of Corrections until he completed his MSR on November 28, 1999, less than 10 years before the May 6, 2008, trial. See People v. Moss, 217 Ill. 2d 511, 522, 842 N.E.2d 699 (2005) ("During MSR, the Department of Corrections retains custody of the defendant"). Contrary to the State's arguments, the time requirements for admissibility are calculated based on "the date of conviction or of the release of the witness from

-5-

No. 1-08-3458

confinement," (emphasis added) (<u>Montgomery</u>, 47 Ill. 2d at 516), not the date of release from the custody of the Illinois Department of Corrections.

In the past, Illinois courts consistently held that a witness' parole period was not to be considered in calculating the 10-year time limit. <u>People v. Warmack</u>, 83 Ill. 2d 112, 124, 413 N.E.2d 1254 (1980); <u>People v. Yost</u>, 78 Ill. 2d 292, 296-97, 399 N.E.2d 1283 (1980); <u>People v. Norwood</u>, 164 Ill. App. 3d 699, 703, 518 N.E.2d 246 (1987). As parole is now termed MSR (<u>People v. Wilson</u>, 228 Ill. 2d 35, 37 n.1, 885 N.E.2d 1033 (2008)), it follows that the defendant's MSR period can also not be considered. Rather, the 10-year time limit began with the defendant's release from prison on November 26, 1997. See <u>Norwood</u>, 164 Ill. App. 3d at 703. Because the defendant was released from confinement more than 10 years before the trial in the instant matter, his prior conviction was not admissible to impeach his credibility. See <u>Montgomery</u>, 47 Ill. 2d at 516.

We acknowledge that the decision whether to object is generally a matter of trial strategy, which may not be challenged on the grounds of ineffectiveness of counsel. <u>People v. Perry</u>, 224 Ill. 2d 312, 344, 864 N.E.2d 196 (2007). In this case, however, we are unable to discern any valid strategic reason for trial counsel's failure to object to the admission of the defendant's 1996 prior conviction. The prior conviction was inadmissible and only served to damage the defendant's credibility as a witness.

Instead, it appears that trial counsel failed to investigate the details of the defendant's 1996 conviction or was aware of those details and misapprehended the law. A finding of ineffectiveness can be supported under either scenario. See People v. Patterson, 192 Ill. 2d 93, 121, 735 N.E.2d 616 (2000) (attorney's mistake as to the law); People v. Brown, 309 Ill. App. 3d 599, 605, 723 N.E.2d 362 (1999) (attorney's failure to investigate relevant facts). As a result, we conclude that trial counsel rendered deficient representation in failing to object to the admission of the defendant's prior conviction.

Having determined that trial counsel breached his obligation to provide effective representation, we next consider whether this breach prejudiced the defendant. To establish prejudice under Strickland, the defendant must show that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 694.

As correctly noted by the defendant, the trial in this case amounted to a credibility contest. Detective Johnson testified that he observed the defendant lean out of a window and throw a plastic bag, which was later found to contain cocaine. The defendant, however, denied that he had any cocaine in his apartment or that he threw a bag of cocaine out of a window. Given the two different accounts, the trial court was required to decide whether the defendant's testimony was more credible than that of Detective

No. 1-08-3458

Johnson. In reaching its conclusion in this regard, the trial court expressly relied upon the defendant's prior conviction, twice stating that the conviction weighed against his credibility. Based on the importance of the issue of credibility in this case and the specific findings of the trial court regarding the 1996 prior conviction, we believe that there is a reasonable probability that the outcome of the defendant's trial would have been different had he not been improperly impeached with his prior conviction.

Because we conclude that both prongs of the Strickland test have been satisfied, we reverse the defendant's conviction and remand the matter to the circuit court for a new trial. In so holding, we find that the evidence was sufficient to support the defendant's conviction for possession of a controlled substance, so that double jeopardy considerations do not prevent retrial. See People v. Olivera, 164 Ill. 2d 382, 393, 647 N.E.2d 926 (1995). Due to our resolution of this issue, we need not address the remaining arguments raised by the defendant on appeal.

Reversed and remanded.

CUNNINGHAM, P.J., and THEIS, J., concur.