2021 IL App (1st) 200036-U

No. 1-20-0036

Order filed March 30, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOSE L. VARGAS, JR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2016 CH 14581 |
| | ) | |
| THOMAS J. DART, Sheriff of Cook County, and | ) | The Honorable |
| THE COOK COUNTY SHERIFF'S MERIT BOARD, | ) | Sanjay T. Tailor, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

**ORDER**

¶ 1     *Held*: The Cook County Sheriff's Merit Board decision terminating plaintiff from his employment as a correctional officer was not against the manifest weight of the evidence or unreasonable. Additionally, the *de facto* officer doctrine precluded plaintiff's untimely challenge to the Board's constituency. Accordingly, the circuit court's judgment is affirmed.

¶ 2     Plaintiff, Jose L. Vargas, Jr., appeals from the circuit court's order confirming the

decision of defendant, the Cook County Sheriff's Merit Board (Board), to terminate his

employment as a correctional officer with the Cook County Department of Corrections (Department) by defendant, Cook County Sheriff Thomas J. Dart (Sheriff). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On March 13, 2015, the Sheriff filed a complaint with the Board seeking plaintiff's termination as a correctional officer with the Department under sections 3-7011 and 3-7012 of the Counties Code (Code). 55 ILCS 5/3-7011 (West 2014); 55 ILCS 5/3-7012 (West 2014). Specifically, the Sheriff alleged that plaintiff violated, among other things, the Department's use of force policy when he repeatedly punched and kicked an uncooperative detainee, Antonio Sikes, while he was being handcuffed by other correctional officers at Division XI of the Cook County Jail. The Sheriff also alleged that plaintiff failed to include in his report that he kneeled on Sikes' back during the incident.

¶ 5                              A. The Board Hearing

¶ 6     Subsequently, the Board, comprised of Chairman James Nally, Vice Chairman Byron Brazier, Secretary John Dalicandro, and members Jennifer Bae, Kim Widup, Patrick Brady, Gray Mateo-Harris and Vincent Winters, conducted a hearing where the following evidence was adduced through testimony, exhibits and a surveillance video of the incident.

¶ 7     Around noon on March 11, 2013, correctional officers Manuel Castillo and Frank Evans escorted Sikes to an empty room in the jail because he seemed "agitated" and refused to cooperate with their requests. When they tried to handcuff Sikes, he punched Officer Castillo in his face, leading a third correctional officer to immediately enter the room.[1] Although the

---

[1]We note that Officer Castillo brought charges against Sikes who ultimately pleaded guilty to aggravated battery to a peace officer, for which he was sentenced to three years in prison. Although the record does not contain the charging instrument for that offense, the Illinois Department of Corrections website, of which we may take judicial notice (see *People v. Sanchez*, 404 Ill. App. 3d 15, 17 (2010)), shows that Sikes was sentenced to three years' imprisonment for aggravated battery to a peace officer.

officers had successfully handcuffed one of Sikes' hands, Sikes resisted their efforts to handcuff his other hand. The three officers wrestled with Sikes but eventually pinned him to the ground. Meanwhile, a fourth correctional officer entered the room.

¶ 8    Shortly thereafter, plaintiff entered the room and approached Sikes. Although the four officers already had him on the ground generally restrained, plaintiff flipped Sikes over, then punched him several times. Plaintiff kneeled on Sikes' back while the officers tried to handcuff his other hand but continued to punch him. Another officer eventually intervened, pulling plaintiff off Sikes. The remaining officers meanwhile successfully handcuffed Sikes' other hand. Before they escorted Sikes from the room, however, plaintiff kicked him.

¶ 9    The Sheriff presented Henry Hemphill, an investigator for the Sheriff's Office of Professional Review, as a witness. Mr. Hemphill testified that he was assigned to investigate the incident and to determine whether plaintiff used excessive force against Sikes. Mr. Hemphill concluded, based on the surveillance video, that plaintiff used excessive force by punching Sikes "7 or 8 times" when Sikes did not pose an imminent threat because he was on the ground being restrained by four other officers. Likewise, Mr. Hemphill testified that "there was no need for [p]laintiff to kick Sikes after he was handcuffed." Last, Mr. Hemphill concluded that there was no emergency situation under those circumstances to justify plaintiff kneeling on Sikes' back.

¶ 10   The Sheriff also presented Gregory Gossett, a former Warden of the Illinois River Correctional Center, as a witness. Mr. Gossett testified that he had experience in training officers on use of force techniques. Based on the surveillance video, Mr. Gossett concluded that plaintiff used excessive force against Sikes because he repeatedly punched him, even though Sikes appeared to be "fully restrained." Mr. Gossett also concluded that plaintiff violated the Sheriff's rules and his own training, which called for plaintiff to secure Sikes' legs, not to punch him.

¶ 11    Although plaintiff presented three of his former supervisors as character witnesses, they did not testify about his use of force against Sikes or the surveillance video. Plaintiff, however, testified that he believed Sikes posed a threat to the other officers but admitted that he did not see Sikes hit any of them.

¶ 12                              B. The Board's First Decision

¶ 13    On October 20, 2016, the Board issued its decision, finding that plaintiff used excessive force against Sikes, in violation of Sheriff's orders 11.2.1.0 (eff. Sept. 19, 2011) and 11.2.20.0 (eff. Jan. 25, 2013), as well as article X of the Board's rules and regulations. Specifically, the Board found that "the level of force used *** was unnecessary" because at that time, Sikes "was generally restrained by other correctional officers and [was] no longer *** considered an active resistor." Consequently, the Board terminated plaintiff from his employment (effective March 13, 2015).

¶ 14                              C. Circuit Court Proceedings

¶ 15    On November 8, 2016, plaintiff filed a complaint in the circuit court seeking administrative review of the Board's decision, which he claimed, was against the manifest weight of the evidence and clearly erroneous, among other things not relevant here.

¶ 16    Almost a year later, plaintiff moved for summary judgment, arguing, for the first time, that the Board's decision was invalid because the Board was unlawfully constituted. Specifically, plaintiff asserted that two Board members who participated in the decision had been appointed to interim terms of fewer than six years, in violation of section 3-7002 of the Code. 55 ILCS 5/3-7002 (West 2016).[2] Meanwhile, the Illinois legislature amended section 3-7002 of the Code (eff.

_____

[2]Interestingly, plaintiff's first amended complaint, which was filed after his summary judgment motion, alleged that three Board members who participated in the decision had been appointed to interim terms of fewer than six years.

Dec. 8, 2017), permitting the Sheriff to make interim appointments to terms of fewer than six years. See *id*.

¶ 17    The circuit court ultimately denied plaintiff's summary judgment motion, concluding that the Board's decision itself was valid under the *de facto* officer doctrine, which validates appointees' acts later found to be deficient. See *Acevedo v. Cook County Sheriff's Merit Board*, 2019 IL App (1st) 181128, ¶ 20 (noting that the *de facto* officer doctrine confers validity upon acts performed by persons acting under the color of official title even though their authority is subsequently deemed improper).

¶ 18    Nevertheless, plaintiff filed, as relevant here, a second amended complaint for administrative review of the Board's decision, claiming, for the first time, that he was entitled to declaratory, mandamus and injunctive relief on the basis that the entire Board had been unlawfully constituted, in violation of his due process rights. Plaintiff, however, voluntarily withdrew those claims for relief, then pursued them in federal court. See *Vargas v. Cook County Sheriff's Merit Board*, No. 18 CV 1598 (N.D. Ill. 2019) (in dismissing the plaintiffs' due process claims with prejudice, the court held that the defendants' alleged state law violation was not a valid basis for their procedural due process claims and that Illinois Administrative Review Law provided them with constitutionally sufficient post-deprivation remedies). The case, therefore, proceeded on plaintiff's sole remaining claim that the Board's decision to terminate him was against the manifest weight of the evidence.

¶ 19    In reviewing the Board's decision, the circuit court concluded that the Board could have reasonably found that plaintiff used excessive force by repeatedly punching Sikes when he was on the ground being restrained by four other correctional officers. The court, however, concluded that the evidence did not support the Board's finding that plaintiff used excessive force when he

kneeled on Sikes' back because he was responding to an emergency situation. Consequently, the circuit court remanded the case to the Board to "determine whether, after excluding [plaintiff's] conduct in kneeling on Sikes' back *** plaintiff should have been terminated as a sanction for using excessive force."

¶ 20                                 D. The Board's Second Decision

¶ 21     On September 27, 2019, the Board issued its second decision, finding there was sufficient evidence to justify plaintiff's termination for using excessive force against Sikes notwithstanding the exclusion of plaintiff's conduct in kneeling on Sikes' back. In so finding, the Board noted that when plaintiff entered the room, there were already four other correctional officers there to restrain Sikes. The Board further noted that another officer ultimately had to intervene and pull plaintiff off Sikes. Accordingly, the Board terminated plaintiff from his employment (effective March 13, 2015).[3]

¶ 22                                 E. Second Circuit Court Proceedings

¶ 23     About two months later, plaintiff filed a motion in the circuit court seeking "a final order from the court," determining whether or not the Board complied with its remand order. The circuit court affirmed the Board's decision on December 31, 2019, concluding that it was not against the manifest weight of the evidence.

¶ 24     Plaintiff now appeals.

¶ 25                                 II. ANALYSIS

---

[3]Board members Juan Baltierres, Kimberly Godden and Monica Torres-Linares, who were appointed to the Board after the legislature amended section 3-7002 of the Code, participated in the remand decision instead of Jennifer Bae, Patrick Brady and Gray Mateo-Harris. We note, however, that plaintiff does not claim on appeal, nor did he below, that these appointments were unlawful.

¶ 26    On appeal, plaintiff challenges the Board's finding that he used excessive force against Sikes, as well as its decision to terminate him on that basis. In addition, plaintiff seeks back pay relief based on the alleged Board appointment deficiencies.

¶ 27    Before proceeding to the merits, however, we must address plaintiff's flagrant disregard for the Illinois Supreme Court Rules, which are mandatory, not optional. *Miller v. Lawrence*, 2016 IL App (1st) 142051, ¶ 18. Plaintiff's statement of facts does not contain facts relevant to determining the issues on appeal like any of the evidence that was presented to the Board on which its decision to terminate him was based. Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) provides that the appellant's statement of facts "shall contain the facts necessary to an understanding of the case." Plaintiff's appellate brief also fails to include the applicable standards of review for the issues raised on appeal, in violation of Illinois Supreme Court Rule 341(h)(3) (eff. Oct. 1, 2020).

¶ 28    Furthermore, plaintiff's argument section, which is mostly incoherent, sets forth, in a bullet-point fashion, several pages of testimony from the Board hearings but does not develop any of plaintiff's arguments on appeal, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). We reemphasize that this court is not a repository into which appellants may foist the burden of argument and legal research. *Melamed v. Melamed*, 2016 IL App (1st) 141453, ¶ 21. While we cannot condone these practices and caution plaintiff to refrain from such noncompliance going forward, we will proceed to consider the merits of his appeal.

¶ 29    In reviewing an administrative agency's decision, we review the decision of the agency, not the circuit court. *Rios v. Cook County Sheriff's Merit Board*, 2020 IL App (1st) 191399, ¶ 29. We will not reverse an agency's findings of fact unless they are against the manifest weight of

the evidence, *i.e.*, only when the opposite conclusion is clearly evident. *Id.* And where, as here, the record supports the agency's decision, that decision must be affirmed. *Id.*

¶ 30    After a careful review of the record in this case, we cannot say that the Board's finding that plaintiff used excessive force against Sikes was against the manifest weight of the evidence. As set forth above, that evidence showed that plaintiff was the fifth correctional officer to enter the room where Sikes was located. When plaintiff approached Sikes, he was already on the ground being restrained by the other four officers in the room. Yet, plaintiff proceeded to flip Sikes over, then punch him several times until another officer intervened. What is more, plaintiff kicked Sikes after he was fully handcuffed. This evidence certainly supports the Board's conclusion that plaintiff used excessive force against Sikes, in violation of the Sheriff's orders and the Board's rules and regulations.

¶ 31    The same evidence supports the Board's conclusion that there was sufficient cause for plaintiff's termination. We will not disturb an administrative agency's discharge decision unless it is arbitrary, unreasonable or unrelated to the requirements of service. *Lopez v. Dart*, 2018 IL App (1st) 170733, ¶ 75; see also *Rios*, 2020 IL App (1st) 191399, ¶ 33 ("Because the Board, and not this court, is in the best position to determine the effect of the employee's conduct on the agency, we accord considerable deference to the agency's discharge decision.").

¶ 32    It is well settled that a correctional officer's violation of a single rule may constitute a sufficient basis for discharge. *Cruz v. Dart*, 2019 IL App (1st) 170915, ¶ 59; *Malinowski v. Cook County Sheriff's Merit Board*, 395 Ill. App. 3d 317, 322 (2009). Additionally, "[u]se of excessive force is serious, and this court has upheld the discharge of a police officer for use of excessive force despite his lack of any previous discipline." *Cruz*, 2019 IL App (1st) 170915, ¶ 59.

¶ 33    Here, the Board's decision to terminate plaintiff for using excessive force against Sikes was not arbitrary or unreasonable. The Board reasonably found that plaintiff used excessive force by repeatedly punching Sikes, even though he posed no threat to plaintiff, while four other officers restrained him. This was supported by plaintiff's own testimony that Sikes never hit him and that he did not see Sikes hit any of the other officers. Moreover, it was certainly reasonable for the Board to find that plaintiff used unnecessary force when he kicked Sikes after he was fully handcuffed. Because plaintiff's use of excessive force violated the Sheriff's orders and the Board's rules and regulations, we conclude that there was sufficient cause for his termination.

¶ 34    Finally, plaintiff is not entitled to back pay relief because the *de facto* officer doctrine precluded his untimely challenge to the Board's constituency.

¶ 35    Our supreme court emphasized in *Goral v. Dart*, that the *de facto* officer applies when "the authority of the agency or public officer was not challenged in a timely manner." 2020 IL 125085, ¶ 74. In *Goral*, however, no action or judgment had been taken by the Cook County Sheriff's Merit Board when the plaintiffs filed their lawsuit in the circuit court. See *id.* ¶ 75 ("At the time plaintiffs filed both their original and second amended complaints, there had been no action or judgment by the Merit Board in plaintiffs' proceedings to which the [*de facto* officer] doctrine could confer validity."). Contrarily, here, the Board had already issued its first decision terminating plaintiff when he filed his lawsuit in the circuit court. In fact, plaintiff did not even challenge the alleged Board appointment deficiencies in his complaint. Instead, plaintiff first raised the issue in his summary judgment motion, which was filed more than year after the Board issued its decision terminating him. Because plaintiff's challenge to the Board's constituency was untimely, the *de facto* officer doctrine applied. Accordingly, we conclude that plaintiff is not entitled to back pay relief on that basis.

¶ 36                                III. CONCLUSION

¶ 37     For the reasons set forth above, we affirm the circuit court's judgment confirming the

Board's decision to terminate plaintiff.

¶ 38     Affirmed.