2021 IL App (2d) 200383-U
No. 2-20-0383
Order filed November 1, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-2526 |
| MARK A. STOWE, | ) ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Bridges and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Admission of defendant's prior conviction for impeachment purposes under Illinois Rule of Evidence Rule 609 was proper where the date defendant was released from confinement for the conviction was calculable from the date defendant was discharged from mandatory supervised release.

¶ 2    Defendant, Mark A. Stowe, argues that it was plain error for the State to impeach him at his jury trial with his prior conviction of criminal damage to property, admitted under Illinois Rule of Evidence 609 (eff. July 1, 2011) (codifying *People v. Montgomery*, 47 Ill. 2d 510 (1971)). Defendant claims that the State did not establish that the conviction fell within the 10-year limit of Rule 609. We disagree. The State provided the date defendant was discharged from mandatory

supervised release (MSR) for the prior conviction, and the trial court could easily ascertain from that discharge date that defendant's release from confinement for the prior conviction fell within the 10-year limit. Accordingly, there was no error, and we affirm.

¶ 3                              I. BACKGROUND

¶ 4     In September 2018, defendant had his dogs outside in his backyard while his neighbor, who was having a cookout in his backyard, had his dog outside. The parties' backyards abutted, and a common fence ran along the property lines. The dogs were barking and creating a ruckus. Defendant began arguing with his neighbor and other people at the party about the dogs. The conflict escalated when defendant retrieved an airsoft gun and threatened to shoot the neighbor. The police were called, and defendant ran from them when they arrived. As the police subdued defendant with a taser, a glass he was carrying fell and shattered. An officer was cut by the glass as he kneeled by defendant and struggled to handcuff him. Based on what transpired, defendant was charged with one count each of resisting a peace officer (720 ILC 5/31-1(a-7) (West 2018)) and aggravated assault (*id.* § 12-2(a)(1)) and two counts of disorderly conduct (*id.* § 26-2(a)(1)).

¶ 5     In July 2019, the State filed a motion *in limine* to introduce, for impeachment under Rule 609, defendant's October 29, 2007, conviction of criminal damage to property (see 720 ILCS 5/21-1(d) (West 2006)) in case No. 200-CF-3039.[1] Defendant filed a motion *in limine* to bar the conviction. Defendant asserted that the age of the conviction made it more prejudicial than probative. Defendant did not argue that the conviction was inadmissible because it did not meet

_____

[1] Defendant's presentence investigation report (PSI) reflects that defendant pled guilty to the offense on October 17, 2006. He received a sentence of probation. On October 29, 2007, defendant pled guilty to violating his probation. He was sentenced to prison.

Rule 609's 10-year limit. See Ill. R. Evid. 609(b) (eff. July 1, 2011) ("Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date.")

¶ 6     On July 22, 2019, before jury selection, the court held a hearing on the motions *in limine*. At the hearing, the State offered to tender to the trial court a certified copy of defendant's October 2007 conviction and his criminal history from the Department of Corrections (DOC). The DOC records are not contained in the record on appeal, but they were tendered to defense counsel below, who did not take issue with their accuracy. The State represented at the hearing that defendant was sentenced to imprisonment for the October 2007 conviction, served a term of MSR upon release, and was discharged from MSR on September 25, 2010. The State argued that, based on the MSR discharge date and "simple math," it was clear that the October 2007 conviction fell within the 10-year limit. The trial court granted the State's motion *in limine* over defendant's objection.

¶ 7     In his testimony at trial, defendant admitted that he had a prior conviction of criminal damage to property. The jury, which was admonished that it could consider defendant's prior conviction only in assessing his credibility, found defendant guilty of obstructing a peace officer and disorderly conduct (both counts) but not guilty of aggravated assault. After defendant's posttrial motions were denied, he was sentenced to 24 months of probation. This timely appeal followed.

¶ 8                                  II. ANALYSIS

¶ 9     Defendant argues that his convictions should be reversed and his case remanded for a new trial because his credibility was improperly impeached with the October 2007 conviction of criminal damage to property. Defendant claims that the State's proof of when he was discharged

from MSR was insufficient to establish that no more than 10 years had elapsed from the date of his release from confinement for the prior conviction until the date of his trial in this case.

¶ 10     In making this argument, defendant acknowledges that he forfeited the issue by failing to raise it in his posttrial motions.[2]  See *People v. Thompson*, 238 Ill. 2d 598, 611-12 (2010) ("To preserve a claim for review, a defendant must both object at trial and include the alleged error in a written posttrial motion.").  Nevertheless, he urges us to consider his claim under the plain-error rule (see Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)).  The plain-error rule bypasses forfeiture and permits a reviewing court to consider an unpreserved error when:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

Under either prong of the plain-error rule, the burden of persuasion remains on the defendant. *People v. Lewis*, 234 Ill. 2d 32, 43 (2009).

¶ 11     "The first step of plain-error review is to determine whether any error occurred." *Id.*; see also *People v. Wilson*, 404 Ill. App. 3d 244, 247 (2010) ("There can be no plain error if there was no error at all.").  This requires "a substantive look" at the issue raised.  *People v. Johnson*, 208 Ill. 2d 53, 64 (2003).  Thus, we first determine whether admitting the prior conviction was error

---

[2] The State argues that, in addition, defendant never raised this precise issue in his motion *in limine*.

because the State failed to establish that no more than 10 years had elapsed from the date of defendant's release from confinement on the prior conviction until the date of his trial here.

¶ 12    In *Montgomery*, our supreme court adopted a federal rule on the use of prior convictions to impeach a witness's credibility. *Montgomery*, 47 Ill. 2d at 516.

> "[T]he *Montgomery* rule provide[s] that, for the purpose of attacking a witness' credibility, evidence of a prior conviction is admissible only if (1) the crime was punishable by death or imprisonment in excess of one year; or (2) the crime involved dishonesty or false statement regardless of the punishment. In either case, however, the evidence is inadmissible if the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. [Citation.] In addition, evidence of a conviction under this rule is inadmissible if a period of more than 10 years has elapsed since the date of conviction or release of the witness from confinement, whichever is later." *People v. Williams*, 173 Ill. 2d 48, 81 (1996) (citing *Montgomery*, 47 Ill. 2d at 516).

Subsections (a) and (b) of Rule 609 codify the *Montgomery* rule. See Ill. S. Ct. R. 609(a), (b) (eff. July 1, 2011).

¶ 13    The 10-year limit is calculated by (1) taking the latter of (a) the date of the witness's prior conviction or (b) the date the witness was released from confinement for the prior conviction and then (2) counting the number of days between the later of the foregoing dates and (3) the date of the defendant's trial. See *People v. Naylor*, 229 Ill. 2d 584, 598-99 (2008). Under the rule, a witness is considered released from confinement when he is released from prison, not when he is discharged from MSR. *People v. Sanchez*, 404 Ill. App. 3d 15, 18 (2010). The party seeking to introduce the prior conviction is responsible for presenting evidence of a release date, and absent

such evidence, the date of conviction is used to calculate the 10-year limit. *Naylor*, 229 Ill. 2d at 597.

¶ 14    Here, the State presented evidence that defendant was convicted of criminal damage to property on October 29, 2007.  Criminal damage to property is a Class 4 felony subject to imprisonment of one to three years (see 720 ILCS 5/21-1(d) (West 2006); 730 ILCS 5/5-8-2(a)(6) (West 2006) (recodified as 730 ILCS 5/5-4.5-45(a) (West 2018)).  The State also presented evidence that defendant was discharged from MSR on September 25, 2010.  MSR is a mandatory term that a defendant must serve after he is released from prison.  *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 18.  When defendant was sentenced for criminal damage to property, he was subject to a one-year term of MSR.  See 730 ILCS 5/5-8-1(d)(3) (West 2006) ("for a Class 3 felony or a Class 4 felony, [the MSR term is] 1 year").  Although, as the State notes in its brief, defendant may have served a shorter term of MSR (see *id.* § 3-3-8(b)), no authority provides that a term of MSR may be lengthened.  This is pivotal here.  If the longest term of MSR defendant could have served was one year, he had to be released from prison no earlier than September 25, 2009.  Defendant's trial date of July 22, 2019, arrived 9 years, 9 months, and 27 days—less than 10 years—after September 25, 2009.  Because a shorter term of MSR would mean that even less time elapsed between the date defendant was released from prison and his July 22, 2019, trial date, admission of his prior conviction for impeachment purposes was proper.

¶ 15    Moreover, we note that defendant never argued in the trial court that the State presented insufficient evidence of when defendant was released from confinement for his prior conviction.  Because he made no such challenge (and assuming the certified copy of defendant's conviction and the DOC records did not clarify when defendant was released from prison), the State was denied the opportunity to provide the more specific evidence that defendant now claims was

required. Given the circumstances, defendant simply cannot challenge the State's evidence now. See *People v. Robinson*, 299 Ill. App. 3d 426, 436-37 (1998) (claims are procedurally defaulted when a defendant fails to object to errors arising at trial that could be corrected).

¶ 16    Defendant argues that the State ran afoul of *Naylor* by relying on a presumption that defendant was released from prison no earlier than one year before September 25, 2010, rather than on actual proof. Defendant misreads *Naylor* and unfairly downplays the quality of the evidence the State presented.

¶ 17    Defendant relies on the court's remarks in *Naylor* that "the proponent of the prior conviction has the responsibility of presenting evidence of a subsequent release date," and that, "[a]bsent such evidence, a trial court must not resort to any presumptions regarding a release date and must employ the date of conviction." *Naylor*, 229 Ill. 2d at 597. However, the court in *Naylor* did not expound on what constitutes a "presumption[ ] regarding a release date." *Id.* The court had no occasion to do so, because the State in *Naylor* "concede[d] that it did not present evidence of a release date" and, thus, that "defendant's date of conviction [was] the operative date for purposes of *Montgomery*." *Id.* at 598. The issue in *Naylor* was whether the endpoint of the 10-year limit was the date the defendant allegedly committed the currently charged offenses or the date of trial on the current offenses. *Id.*

¶ 18    Here, putting aside the fact that the certified copy of defendant's conviction and/or the DOC records may have indicated exactly when defendant was released from prison, and that any doubt created from the absence of these documents must be resolved against defendant (see *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)), the issue raised here is not the same issue raised in *Naylor*. Moreover, the State here, unlike in *Naylor*, neither conceded that the date of conviction controlled nor failed to present any evidence of defendant's release date. While the date defendant

was discharged from MSR may not be the best evidence of when defendant was released from confinement, it was nonetheless significant evidence on that point. With that evidence, the court, as indicated above, easily ascertained that defendant was released from confinement within the 10-year limit. *People v. Patrick*, 233 Ill. 2d 62, 73 (2009) (in recognizing that courts should determine before a defendant testifies whether a prior conviction can be used for impeachment purposes, our supreme court noted that trial courts "can readily ascertain whether less than 10 years has elapsed since the date of conviction of the prior crime or release of the [defendant] from confinement"). As the State observes, the trial court is presumed to know the law and apply it properly. *People v. Howery*, 178 Ill. 2d 1, 32 (1997). That presumption is rebutted only when the record contains strong affirmative evidence to the contrary. *Id.* Here, the record does not contain strong affirmative evidence indicating that the trial court did not understand the law on the admission of prior convictions for impeachment purposes.

¶ 19    Notably, to the extent that defendant claims that evidence of the prior conviction was more prejudicial than probative, we observe that he forfeited review of that issue by failing to raise it in a posttrial motion and that he has not invoked plain-error review on that issue.

¶ 20    Given that defendant's prior conviction of criminal damage to property fell within the 10-year limit, the trial court did not err in admitting the conviction at trial. Without error, defendant cannot establish plain error, and the forfeiture stands.

¶ 21                          III. CONCLUSION

¶ 22    For the above-stated reasons, we affirm the judgment of the circuit court of Winnebago County.

¶ 23    Affirmed.