NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 240876-U

NOS. 4-24-0876, 4-24-0877 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 21, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| CHRISTOPHER J. WORTLEY, | ) | Nos. 19CF914 |
| Defendant-Appellant. | ) | 21CF532 |
| | ) | |
| | ) | Honorable |
| | ) | Raylene D. Grischow, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Presiding Justice Harris and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court vacated defendant's sentence and remanded for resentencing, finding that defendant received ineffective assistance of counsel when his attorney failed to object to the trial court's reliance on pending and dropped charges, without supporting evidence, as it sentenced him to the maximum prison sentence for aggravated battery.

¶ 2    Defendant, Christopher J. Wortley, pleaded guilty to one count of aggravated battery, a Class 2 felony (720 ILCS 5/12-3.05(d)(4) (West 2020)), and one count of possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2018)). At his sentencing hearing, the State amended defendant's presentence investigation report (PSI) to include other pending criminal charges. After referring to those pending charges and to defendant's alleged but unproven drug dealing, the trial court imposed concurrent four- and seven-year prison sentences. Defendant appeals his sentences, claiming his attorney was constitutionally ineffective for failing

to object to the court's use of pending and dropped charges to increase his sentences. We agree, and we vacate defendant's sentences and remand for resentencing.

¶ 3                                    I. BACKGROUND

¶ 4            In September 2019, the State charged defendant with one count of possession of a controlled substance (720 ILCS 570/402(c) (West 2018)) and one count of possession of a controlled substance with the intent to deliver (*id.* § 401(c)(1)). The State alleged defendant knowingly possessed a substance containing fentanyl and intended to deliver more than 1 but less than 15 grams of that substance. Defendant was released on bond. In July 2021, the State charged defendant with one count of aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2020)), alleging that defendant knowingly made contact of an insulting or provoking nature with Officer Kate Blankenship, a peace officer employed by the City of Springfield, during the performance of her official duties.

¶ 5            In May 2023, defendant pleaded guilty to aggravated battery. As the factual basis for the charge, the State provided that Officer Blankenship of the Springfield Police Department could testify that she responded to suspected retail theft at a Walmart on July 5, 2021. A loss prevention specialist identified defendant as the suspect. When Officer Blankenship approached defendant, he fled to his vehicle. The State relayed that Officer Blankenship approached the open door of the vehicle and ordered defendant to exit the vehicle, but defendant moved the vehicle in reverse, striking Officer Blankenship with the door and bruising her wrist and hip.

¶ 6            In June 2023, the State filed a motion *in limine*, asking that the trial court allow the State to introduce evidence of defendant's other alleged, uncharged, drug dealing at defendant's trial for the possession and possession with intent to deliver charges. According to the State's motion, police officers conducted two controlled buys of fentanyl from defendant in 2019. After

hearing oral arguments from the State and defense counsel regarding the proposed evidence's admissibility, the court found that the proposed evidence was sufficiently reliable and its probative value outweighed any undue prejudice, so it granted the State's motion.

¶ 7        In March 2024, defendant pleaded guilty to the possession charge, and the State dropped the possession with intent to deliver charge. As the factual basis for the charge, the State provided that Springfield police officers could testify that in September 2019, they executed a search warrant at defendant's residence. There, the officers found capsules and a white powder that later tested positive for the presence of fentanyl.

¶ 8        Defendant's PSI further summarized the State's account of the possession charge. According to the PSI, when officers executed the warrant on defendant's residence, they found a box and capsules containing suspected fentanyl, a baggie containing suspected heroin, suspected fentanyl powder, a digital scale, and empty capsules. The PSI listed defendant's criminal history, including a 2004 conviction for robbery, a 2005 conviction for possession of a controlled substance, a 2008 conviction for burglary, and a 2012 conviction for theft, among others. The PSI stated that defendant's father died when defendant was 12 years old. An automobile crash in 2020 resulted in the loss of defendant's left eye, and defendant reported that he was diagnosed with posttraumatic stress disorder. Defendant further reported that he began using heroin and fentanyl at age 33, and he continued using both drugs "on a daily basis if he can get." In April 2024, defendant tested positive for benzodiazepines, opiates, fentanyl, and marijuana. He also tested positive for methamphetamine while on probation in November 2021 and May 2022.

¶ 9        At defendant's sentencing hearing on May 17, 2024, the State asked to add pending charges to defendant's PSI. In Sangamon County, defendant was charged with leaving the scene of an accident. In Macoupin County, he was charged with driving under the influence of alcohol

and two counts of aggravated fleeing, plus a variety of traffic offenses. In Montgomery County, he was charged with three traffic offenses. The State provided the trial court with a written list of those new charges, including an alleged factual basis for the leaving the scene of an accident charge.

¶ 10    Defense counsel asked the trial court to strike any factual allegations related to the new charge. He explained, "[U]nless the state wants to introduce evidence in aggravation at sentencing it's not really proper to put in factual summaries of other pending charges." The State asked the court to retain the case numbers and dates of offense. The court instructed the State to amend its list of new charges, retaining the case number, date of the accident, and name of the offense, but removing the factual allegations. This amended list is included in the record on appeal, but the first list the State provided is not.

¶ 11    The trial court arraigned defendant for the Sangamon County charge of leaving the scene of an accident before returning to sentencing him. Defense counsel told the court that defendant was accepted into drug court, which had not been reflected in the PSI.

¶ 12    The State neither called any witnesses nor introduced any other evidence. Defense counsel called defendant's mother, Glenda Wortley, to the stand. She testified to defendant's long struggle with drug addiction. She noted he had a childhood friend who recently completed drug court who had been supporting him.

¶ 13    The State asked the trial court to sentence defendant to four years' imprisonment for the possession charge and six years' for the aggravated battery charge. The State further asked for consecutive sentences. It argued that any form of probation, including drug court, was inappropriate because of defendant's criminal history, especially his 2021 aggravated battery.

¶ 14    The State elaborated on the 2021 aggravated battery charge. According to the State,

after defendant struck Officer Blankenship with his car door, he drove away, hitting another car along the way. The State also claimed that defendant's pending Macoupin County aggravated fleeing charges and some pending Madison County charges resulted from the pursuit that ensued.

¶ 15 The State argued the presence of certain aggravating factors, including defendant's history of criminal activity, including seven prior felony convictions. The State acknowledged that defendant was presumed innocent of the pending charges, but it added that he had charges pending against him across multiple jurisdictions. It argued that a prison sentence was necessary to deter others, especially for the aggravated battery, which resulted from defendant hitting an officer with his car before fleeing the jurisdiction and incurring charges in two other jurisdictions. The State added that the trial court could consider that defendant committed the 2021 offense while on probation and on bond for other charges.

¶ 16 Defense counsel asked that defendant be transferred to drug court. He emphasized the value of specialty drug court for rehabilitation. He disagreed that any consecutive sentences were necessary, noting that defendant's only prior conviction for violence was a 2004 robbery conviction. His other convictions were mostly "property crimes fueled by addiction." He also represented to the trial court that the state's attorneys in Macoupin and Montgomery Counties strongly suggested they would seek only probation in their cases if defendant received a sentence of drug court for the aggravated battery and possession convictions.

¶ 17 Defendant spoke in allocution. He explained how drugs went from a way to escape from trauma to the "root of every problem" in his life. He already had apologized to Officer Blankenship. He explained that he fled from the officers because of "the fear of being on that jail floor detoxing from drugs." Defendant also explained that he knew someone who had gone through drug court who was an inspiration to him.

¶ 18        The trial court sentenced defendant to four years' imprisonment for the possession charge and seven years' imprisonment for the aggravated battery charge , with the sentences to run concurrently. The court found that defendant's history indicated he would not be successful on probation. He committed new offenses while he was on bond, and the PSI indicated defendant continued to test positive for illicit substances despite the bond condition prohibiting him from possessing those substances. The court found this showed a "disregard for the Court's orders." The court also focused on the harm to Officer Blankenship. Although the court appreciated defendant's apology, it explained, "I can't ignore the facts and circumstances of what occurred and your total lack of respect for authority in causing harm to her, fleeing to two other jurisdictions, and incurring other cases in those jurisdictions." Regarding potentially mitigating factors, the court explained:

> "[Y]ou may not have thought that drugs cause serious harm but they do to you and to the community. The fact that scales were found and other drug paraphernalia is indicative of dealing, putting that out in our community and harming our community and harming yourself and your girlfriend at the time."

¶ 19        Defendant filed a motion to reconsider, arguing that the trial court should have sentenced him to drug court. He contended, in part, that the court had an inadequate basis to conclude imprisonment was necessary to protect the public and the court erroneously considered harm to Officer Blankenship as an aggravating factor, even though no evidence or victim impact statement was introduced.

¶ 20        The trial court denied defendant's motion, finding that it appropriately considered the possibility of drug court. The court explained:

> "I think it is a serious offense when someone—an officer is called to the scene to investigate a theft and then the individual disregards the commands of the officer

and then flees over multiple jurisdictions, incurs charges in multiple jurisdictions, when all he had to do was simply respond to the questions of Officer Blankenship." The court emphasized the harm to Officer Blankenship, adding that evidence or a victim impact statement was not necessary, and the court could rely on the State's proffer for the victim's injury. The court added, "Based on the [PSI], [defendant] has shown that while he is on a community based-sentence, he is willing to disregard what he has agreed to, what he is supposed to do, and then pick up new offenses." The court further found that "dealing drugs in our community is a danger to the public. Fleeing and eluding from police officers is a danger to the public. Disregarding the commands of our law enforcement is a danger to the public." The court concluded that the sentence it imposed was proper, so it denied defendant's motion.

¶ 21    This appeal followed.

¶ 22                    II. ANALYSIS

¶ 23    Defendant argues that he did not receive effective assistance of counsel at sentencing. Criminal defendants have the right to effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526 (1984). To show he was denied this right, a defendant must establish "(1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant in that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *People v. Houston*, 226 Ill. 2d 135, 144 (2007). We review a defendant's ineffective assistance claim *de novo*. *People v. Bates*, 2018 IL App (4th) 160255, ¶ 46.

¶ 24                               A. Performance

¶ 25        We first consider whether defense counsel's performance was deficient. Defendant argues that the trial court could not properly consider his pending charges for leaving the scene of an accident, driving under the influence of alcohol, and aggravated fleeing. "The trial court may not rely on bare arrests or pending charges in aggravation of a sentence." *People v. Minter*, 2015 IL App (1st) 120958, ¶ 148. Although a sentencing court may rely on evidence of defendant's other criminal activity if that evidence is relevant and accurate, "[a] mere list of arrests or charges in a [PSI], unsupported by live testimony or other evidence at the sentencing hearing, does not meet those standards." *Id.* Defendant further argues that the trial court could not consider the dropped charge for possession with intent to deliver. For the sentencing court to consider past criminal conduct not resulting in conviction, evidence of that "other criminal conduct should be presented by witnesses, who can be confronted and cross-examined, rather than by hearsay allegations in the [PSI], so that the defendant has an opportunity to rebut the testimony." *People v. English*, 353 Ill. App. 3d 337, 339 (2004); see *People v. Jackson*, 149 Ill. 2d 540, 548 (1992). According to defendant, when the trial court considered his alleged crimes not resulting in convictions, defense counsel should have objected.

¶ 26        The State claims that its own proffer adequately supported the leaving the scene of an accident charge and the fleeing charges. According to the State, the trial court found this proffer sufficient, and we should do the same. Regarding the dropped charge of possession with intent to deliver, the State argues that the presence of a scale and other drug paraphernalia at defendant's residence, which was referenced in the PSI, was sufficient confirmation of drug dealing. The State further relies on the motion *in limine* it filed earlier in the case. The court had granted the State's motion, allowing evidence of two controlled buys to be admitted at trial. The State insists that the

- 8 -

court would have allowed evidence of defendant's drug dealing, so defense counsel's failure to object does not constitute ineffective assistance.

¶ 27    The State also highlights other ways in which defense counsel effectively advocated for defendant. For example, at both the sentencing hearing and in the motion to reconsider, defense counsel emphasized the value of drug courts. Defense counsel also disputed certain aggravating factors, arguing that imprisonment was not necessary to protect the public and that probation would not deprecate the seriousness of the offense. Defense counsel urged the trial court to consider certain mitigating factors, including defendant's acceptance of responsibility. Based on these arguments, the State claims defense counsel was effective.

¶ 28    We agree with defendant. Neither defendant's pending charges nor the dropped possession with intent to deliver charge resulted in convictions. Before the trial court could consider those allegations at sentencing, the State needed to support those allegations with evidence. See *Minter*, 2015 IL App (1st) 120958, ¶ 148; see also *English*, 353 Ill. App. 3d at 339. The State failed to do so. The State cites no cases holding that a prosecutor's proffer can sufficiently establish criminal conduct not resulting in conviction as an aggravating factor at sentencing. Defendant, however, cites multiple cases indicating that at least some evidence is necessary. See *People v. Thomas*, 111 Ill. App. 3d 451, 454 (1983); see also *Minter*, 2015 IL App (1st) 120958, ¶ 148; *cf. People v. La Pointe*, 88 Ill. 2d 482, 498 (1981) (finding the trial court did not abuse its discretion at sentencing when considering the defendant's other crimes, even though he had not been prosecuted or convicted of those crimes, because the State offered sworn testimony that was subject to cross-examination). We find the State's proffer is not sufficient here.

¶ 29    Moreover, we do not find the reference to a digital scale in the PSI, without any evidence presented at the sentencing hearing, sufficient to demonstrate that defendant sold drugs.

Defendant was convicted of only possession of a controlled substance, not possession with intent to deliver, after the State dropped the possession with intent to deliver charge. Furthermore, the State did not provide any testimony at the hearing on its motion *in limine*. Instead, the State merely summarized what evidence it intended to introduce at trial and argued for its admissibility. Even at the hearing on the State's motion, the State did not introduce any evidence showing that defendant sold drugs. Perhaps it is likely that the trial court would have allowed the State to present evidence of defendant's drug dealing at the sentencing hearing, but the State chose not to present such evidence, so the court could not consider it.

¶ 30　　　　　Defense counsel should have objected to the improper use of other criminal allegations without evidence. Although the decision to object is generally a matter of trial strategy, we see no valid strategic reason for defense counsel to refrain from objecting here, and the State does not suggest any. See *People v. Sanchez*, 404 Ill. App. 3d 15, 18 (2010) (finding defense counsel's performance was deficient where there was no valid strategic reason for counsel's failure to object to the improper admission of the defendant's prior conviction). Even if defense counsel raised some other reasonable arguments on defendant's behalf, by failing to object to clearly improper sentencing considerations or raise this issue in the motion to reconsider, defense counsel's performance fell below an objective standard of reasonableness.

¶ 31　　　　　　　　　　　　B. Prejudice

¶ 32　　　　　We next determine whether defendant suffered prejudice. Defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For ineffective assistance of counsel claims based on a sentencing hearing, a defendant must show that "a reasonable probability exists that the sentence was affected by the poor performance." *People v. Steidl*, 177

Ill. 2d 239, 257 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶ 33    Defendant argues that there is a reasonable probability that the trial court would have imposed a lesser sentence if defense counsel had objected to the use of unsupported criminal allegations. The court imposed the maximum sentence for defendant's aggravated battery: seven years' imprisonment. See 730 ILCS 5/5-4.5-35(a) (West 2020). In doing so, the court referred to the pending charges, telling defendant, "I can't ignore the facts and circumstances of what occurred and your total lack of respect for authority in causing harm to her, fleeing to two other jurisdictions, and incurring other cases in those jurisdictions." The court also referred to the dropped possession with intent to deliver charge when it told defendant:

> "[Y]ou may not have thought that drugs cause serious harm but they do to you and to the community. The fact that scales were found and other drug paraphernalia is indicative of dealing, putting that out in our community and harming our community and harming yourself and your girlfriend at the time."

When denying defendant's motion to reconsider, the court again referred to defendant's charges across multiple jurisdictions, and it found that "dealing drugs in our community is a danger to the public. Fleeing and eluding from police officers is a danger to the public. Disregarding the commands of our law enforcement is a danger to the public." Defendant claims that the court rejected probation because it found he was a danger to the community, explicitly relying on the improper considerations.

¶ 34    Defendant also emphasizes certain mitigating factors. He pleaded guilty, thereby accepting responsibility for his crimes. See *People v. Calva*, 256 Ill. App. 3d 865, 876 (1993). In his allocution statement, he expressed remorse. See *People v. Thurmond*, 317 Ill. App. 3d 1133,

1143 (2000). Defendant argues that his background and family history were also mitigating. See *People v. Towns*, 182 Ill. 2d 491, 519 (1998). Defendant's father died when he was young, he has struggled with drug addiction and mental illness, and he survived an automobile crash that left him blind in one eye. According to defendant, his crimes are "intrinsically linked with his substance abuse," and he has great rehabilitative potential if he can get sober, especially with the help of drug court and his supportive role model. Defendant claims that all these mitigating factors indicate the trial court would not have imposed the maximum possible sentence without the improper aggravating factors.

¶ 35       The State responds that the trial court clearly considered and rejected defense counsel's arguments, including the arguments based on various mitigating factors. The State also asks us to apply a harmless error analysis and to find that any reliance on improper evidence was harmless. See *People v. Nieves*, 193 Ill. 2d 513, 530 (2000) ("[T]he improper introduction of other-crimes evidence is harmless error when a defendant is neither prejudiced nor denied a fair trial based upon its admission.").

¶ 36       Once again, we agree with defendant. First, harmless error review is inappropriate here. Defendant appeals based on ineffective assistance of counsel. "Ineffective-assistance-of-counsel claims concerning a sentencing hearing must show that counsel's performance fell below minimal professional standards and that a reasonable probability exists that the sentence was affected by the poor performance." *Steidl*, 177 Ill. 2d at 257. This analysis is distinct from harmless error review.

¶ 37       Second, we find defendant suffered prejudice. The trial court interrupted the sentencing hearing to arraign defendant on a new charge, blending the sentencing with the unproven allegation. Then, when explaining its sentence, the court specifically referenced

defendant's pending cases in other jurisdictions in finding defendant did not respect authority. It also specifically referred to those cases, as well as defendant's alleged drug dealing, in finding that he posed a danger to his community. The court then imposed the maximum sentence for a Class 2 felony, despite the presence of at least some evidence in mitigation. The court again referred to the unproven charges when denying defendant's motion to reconsider. We cannot be sure what weight the court placed on the pending or dropped charges. But because of the court's explicit references to improper considerations in imposing the maximum sentence, we find at least a reasonable probability that the court would have imposed a lesser sentence if defense counsel had objected. We find defendant has satisfied the prejudice prong of his ineffective assistance claim. Because defendant was denied effective assistance of counsel, we vacate defendant's sentences and remand for resentencing.

¶ 38                                III. CONCLUSION

¶ 39          For the reasons stated, we vacate the trial court's judgment and remand for resentencing.

¶ 40          Vacated and remanded.