NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240483-U

NO. 4-24-0483

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| MICHAEL ANTHONY MACK, | ) | No. 24CF234 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Michael Anthony Mack, appeals the trial court's order denying him pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                        I. BACKGROUND

¶ 4     In March 2024, for events occurring on March 7, 2024, the State charged defendant with multiple offenses. Six of the charged counts stemmed from his alleged possession of a weapon, including unlawful possession of a firearm by a felon (720 ILCS 5/24-1.1(a) (West

2022)) and aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(2)). Defendant was also charged with one count of domestic battery, a subsequent offense felony (*id.* § 12-3.2(a)(1)), and two counts of resisting a peace officer (*id.* § 31-1(a)(1)).

¶ 5 On March 8, 2024, the State filed a petition to deny defendant pretrial release. The State averred defendant should be detained, as he posed a real and present threat to the safety of a person or persons or the community and that threat could not be mitigated by any condition of pretrial release.

¶ 6 That same day, a hearing was held on the State's petition. The hearing began with a determination of probable cause. The State reported police were called to the residence of Marsha Thomas. Upon their arrival, officers observed Thomas had a bloody lip and her face was cut. Thomas stated defendant, the father of her children, had taken her phone. As defendant was leaving Thomas's residence, she confronted him. He struck her face, causing injury. Officers observed defendant outside Thomas's residence. There, they attempted to arrest defendant. Defendant pulled away from the police, ran, and tried to climb a fence. After defendant was apprehended, the officers noticed an object on defendant's person. Defendant admitted he was carrying a firearm. He stated he ran from the police because he was carrying that firearm. The manufacturer's serial number "had been removed or obliterated." In 2018, defendant was convicted of felony retail theft, which resulted in the prohibition of his possessing a firearm and ammunition. Defendant also had a domestic-battery conviction in McLean County case No. 15-CM-4.

¶ 7 After the trial court found probable cause, the court heard the parties' proffers on the issue of defendant's pretrial detention. The State began its proffer by asking the court to take judicial notice of the information provided during the probable-cause portion of the hearing, and

the court agreed to do so. The State then proffered the firearm found on defendant contained 1 round in the chamber and a fully loaded 14-round magazine. The State listed defendant's criminal history, which contains convictions for criminal damage to property (McLean County case No. 09-CM-914), retail theft (McLean County case Nos. 09-CM-173, 09-CM-2133, 16-CM-1615, and 16-CF-1381), criminal trespass to real property (McLean County case Nos. 11-CM-1176, 14-CM-2155, 17-CM-1, and 17-CM-273), unlawful cannabis possession (McLean County case No. 13-CM-2161), fleeing/attempting to elude a police officer (McLean County case No. 16-TR-18369), and resisting a peace officer (16-CM-1799).

¶ 8        Defense counsel proffered defendant had strong ties to the community, residing in McLean County for at least 18 years. He was a concerned father of five young children. Regarding the domestic-battery charges, defense counsel stated defendant was trying to leave but was stopped by Thomas. Defendant denied striking Thomas. Thomas was in his way. As he was trying to leave her residence, Thomas struck her head on the door, and her injuries were minor. Regarding the dangerousness assessment, Thomas answered no to all five questions. She did not call the police. It was a neighbor who called the police. Defendant was forthright about the firearm in his possession and he gave officers his passcode so they could search his phone. Defense counsel further emphasized the length of time since defendant's other criminal offenses and stated defendant reported he and his family's lives had been threatened multiple times.

¶ 9        On rebuttal, the State provided an additional proffer regarding defendant's domestic-battery conviction. He was originally granted conditional discharge and sentenced to 14 days, with credit for time served, and 106 days, stayed from January 22, 2015. In the same matter, an additional 70 days' imprisonment was ordered on November 17, 2016.

¶ 10        The trial court granted the State's petition to detain defendant. The court did so

upon concluding, in part, based on the number of offenses in 2009, 2016, and 2017, defendant committed offenses while on bond, as they were different offenses in the same year. The court found clear and convincing evidence defendant committed one or more qualifying offenses. The court found the State sufficiently established defendant possessed the firearm, was aware he was not allowed to do so, and did not have a valid firearm owner's identification card. The court further found the evidence established a domestic battery occurred and, after examining the statutory factors, defendant posed a real and present threat to Thomas and the community. The court noted Thomas, when completing the "5 questions," did not report "a major long history" of domestic violence and did not call the police. The court did not believe defendant's version of the events. The court further found the State established by clear and convincing evidence defendant was a threat to the community and to Thomas. The court highlighted defendant carried a fully loaded weapon, resisted arrest and committed domestic battery while doing so, and had a history of not complying with rules and conditions while out on bond. The court expressly weighed pretrial conditions such as pretrial supervision and home confinement and found no conditions of pretrial release could mitigate that threat.

¶ 11        This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        On March 13, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which he asks this court to release him from custody with conditions. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant

- 4 -

checked three grounds for relief and provided additional support on the lines beneath the preprinted text of those grounds. Defendant did not file a supporting memorandum.

¶ 14        The first ground for relief checked by defendant in his notice of appeal is the State failed to prove by clear and convincing evidence the proof is evident or the presumption great he committed the offense charged. In support, defendant wrote two sentences regarding the " 'clear and convincing evidence' *** quantum of proof." Defendant then argued the State failed to meet its burden as to the domestic-battery offense, as he was acting justifiably because he needed to escape an unlawful detention.

¶ 15        Under the Code, all criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). To secure the pretrial detention of a defendant, the State must prove multiple factors. One is to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed an offense" described in section 110-6.1(a) (*id.* § 110-6.1(a)). *Id.* § 110-6.1(e)(1). "[A] trial court's decision and findings on issues of pretrial detention are appropriately reviewed under the abuse of discretion standard." *People v. Morgan*, 2023 IL App (4th) 240103, ¶ 35. An abuse of discretion will be found only if we find the decision of the trial court to be unreasonable, arbitrary, or fanciful or we find no reasonable person would agree with the trial court's decision. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 16        Here, defendant was charged with not only domestic battery, but also five weapons-related offenses. On appeal, defendant only challenges the proof related to the domestic-battery offense. He leaves unchallenged the weapons offenses, which are also detainable offenses under section 110-6.1(a)(1). The State proffered defendant admitted carrying the firearm despite having been convicted of a felony and was found by officers with that

firearm. Defense counsel did not deny these facts. The trial court did not abuse its discretion in finding the proof evident or the presumption great he committed an offense in section 110-6.1(a).

¶ 17    The next checked box on defendant's notice of appeal is the State did not prove by clear and convincing evidence defendant poses a real and present threat to the community or to Thomas. In support, defendant added the following to the preprinted form, in relevant part: "[T]he State failed to meet its burden for the following reasons: defendant['s] statements and cooperation show that he is not a threat, the gun has been seized and defendant has no interest in obtaining another, thereby removing any threat the defendant formerly imposed [*sic*], if any."

¶ 18    To detain a defendant under the dangerousness standard, as the State sought here, the State must also prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." See 725 ILCS 5/110-6.1(a)(1), (e)(2). The Code gives the trial court broad discretion in choosing what factors to consider in making this determination. See *id.* § 110-6.1(g) (setting forth factors a trial court may consider when considering dangerousness). These factors include the nature and circumstances of the offense charged including whether the offense is a crime of violence (*id.* § 110-6.1(g)(1)); defendant's history and characteristics, including whether there is evidence of violent, abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)(A)); and whether the defendant is known to possess or have access to a weapon or weapons (*id.* § 110-6.1(g)(7)).

¶ 19    In this case, the trial court weighed the statutory factors before finding the State sufficiently proved defendant to be a threat to Thomas and the community. The court found convincing defendant's lengthy criminal history, the facts and circumstances of the offenses, including the fact defendant carried a fully loaded firearm while committing domestic battery

and fleeing from the police, and defendant's history of domestic abuse. The court did not abuse its discretion finding the State proved defendant a threat by clear and convincing evidence.

¶ 20        The third ground defendant checked in his notice of appeal is the State did not prove by clear and convincing evidence no condition or combination of conditions would reasonably ensure the defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant wrote the following, in part, under the preprinted text: "The court erred in its determination because jailing until a case [is] resolved is the most extreme situation[;] here home confinement and/or monitoring would alleviate any threat as defendant has no recent priors."

¶ 21        This checked box does not apply to petitions to *deny* pretrial release. There is no requirement under the dangerousness standard of section 110-6.1 that the State prove no condition or combination of conditions would reasonably ensure the defendant's appearance for later hearings or prevent him from being charged with a later Class A misdemeanor or felony. This requirement is found in section 110-6(a) of the Code, which applies to petitions to *revoke* pretrial release. See *id.* § 110-6(a).

¶ 22        A similar requirement is a prerequisite for detaining a defendant pretrial under the dangerousness standard: the State must prove by clear and convincing evidence no condition or combination of conditions would mitigate the defendant's real and present threat. See *id.* § 110-6.1(e)(3). This box remains unchecked on his notice of appeal. Defendant's written argument, however, demonstrates he intended to challenge this finding by the trial court. As we are to liberally construe notices of appeal and, when considered as a whole, defendant's notice of appeal "fairly and adequately identifies the complained-of judgment" (see *People v. Lewis*, 234 Ill. 2d 32, 37, 912 N.E.2d 1220, 1224 (2009)), we may consider whether the court abused its

discretion in finding the State met the requirements of section 110-6.1(e)(3).

¶ 23        The record reveals the trial court did not err in finding the State clearly and convincingly proved this ground. The court expressly considered the proffers, the nature and circumstances of the offense, defendant's history that included violent offenses, defendant's failures to comply with court conditions and the law, and the possible conditions before finding this factor proved by clear and convincing evidence. The court's decision was not "arbitrary, fanciful, or unreasonable." (Internal quotation marks omitted.) *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 24                        III. CONCLUSION

¶ 25        We affirm the trial court's judgment.

¶ 26        Affirmed.